UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60322-Civ-WILLIAMS

MARIA LORA PEREZ, and all others
similarly situated,

    Plaintiff,

vs.

AIRCOM MANAGEMENT CORP., INC. and
DINAH A. DARCY,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This MATTER is before the Court on Defendant Dinah A. Darcy's Motion to Dismiss the Complaint [D.E. 12], Plaintiff Maria Lora Perez's Response [D.E. 20], and Darcy's Reply [D.E. 25].[1] Darcy argues that Perez has improperly sued her for the alleged wrongs of Defendant Aircom Management Corp ("Aircom"). Specifically, she contends that, while she is the alleged owner and operator of Aircom, "the corporate veil will not be pierced absent allegation and demonstration of fraud." However, to support this contention, Darcy refers only generally to Chapter 607 of the Florida Statutes [D.E. 12 ¶¶ 5-6], and Perez correctly points out this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), is not governed by Florida law. Furthermore, the FLSA

---

[1] To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All factual allegations are accepted as true and all reasonable inferences are drawn in the Plaintiff's favor. See *Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

1

"broadly defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting 29 U.S.C. § 203(d)). And the Eleventh Circuit has clarified "that in order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Id.* (quoting *Patel v. Wargo*, 80 F.2d 632, 638 (11th Cir. 1986)). Darcy replies that Perez has not sufficiently alleged that Darcy exercised operational control or supervisory responsibility. [D.E. 25 ¶¶ 4-6]. However, Perez specifically alleges that Darcy was the owner and operator of Aircom, ran its day-to-day operations, and was responsible for paying Perez's wages. [D.E. 1 ¶ 3]. The Court finds that this allegation is sufficient to survive a motion to dismiss. Finally, Darcy's assertion that Perez was an independent contractor rather than an employee is a factual issue more appropriately resolved at summary judgment. Accordingly, Darcy's motion is **DENIED**. Darcy is **ORDERED** to file an Answer to the Complaint by no later than **5:00 p.m., July 3, 2012**.

DONE AND ORDERED in chambers in Miami, Florida, this 26th day of June, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE