UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60322-KMW

MARIA LORA PEREZ,
And all others similarly situated,

    Plaintiff(s),

vs.

AIRCOM MANAGEMENT CORP., INC., and
DINAH A. DARCY,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL
ANSWERS TO HER INTERROGATORIES
AND MOTION TO OVERRULE DEFENDANT'S OBJECTIONS**

    Plaintiff, Maria Lora Perez, through her undersigned counsel and pursuant to Fed. R. Civ. P. 26, 33, 37, Local Rules 7.1 and 26.1, and other applicable Rules and laws requests the Court to enter an Order Compelling Defendant, Aircom Management Corp., Inc., to answer Plaintiff's Interrogatories and Overruling its objections to those Interrogatories and to award other relief based on the following good cause:

**MOTION**

    1.    This is an FLSA case in which Defendants failed to pay Plaintiff a minimum wage for all of the time that she worked and also deprived her of overtime pay calculated at one and one-half times her regular rate of pay (at least minimum wage) for all time she worked in excess of 40 hours in a workweek. [DE 1.]

    2.    The amount of money at issue on Plaintiff's claims is, admittedly, not large. She seeks $1,660 in unpaid minimum wages and overtime pay, plus liquidated damages of an equal

1

amount, for a total of $3,320.00. Although Defendants are not willing to satisfy Plaintiff's claims, which they certainly have every right to do, the do so by improvidently relying on inapplicable defenses.

3. Defendants dispute that they owe Plaintiff any minimum wages or overtime pay even though they (mis)classified Plaintiff as an independent contractor, paid her the same $300.00/week as an independent contractor, issued her 1099's, and generated no documentation about Plaintiff's hourly rate, pay deductions, or hours worked.

4. Besides taking an untenable position with regard to Plaintiffs' claims, Defendants are unreasonably obstructing Plaintiff's access to discoverable information by delaying this litigation, by vexatiously multiplying these proceedings by refusing to provide discoverable information and materials, and by requiring Plaintiff to resort to the Court to obtain what should be run-of-the-mill discovery in this FLSA case.

5. On July 6, 2012, Plaintiff, Maria Lora Perez, served by email (Exhibit "A") and by U.S. Mail Plaintiff's Interrogatories to Defendant, Aircom Management Corp., Inc. (Exhibit "B").

6. Plaintiff's served a total of 25 Interrogatories, including discrete subparts. (Exhibit "B".)

7. Defendants failed to timely respond, object, or request an extension of time to respond to Plaintiff's discovery.

8. After contacting defense counsel pursuant to Local Rule 7.1 in advance of filing a Motion to Compel with the Court to address Defendants' failure to timely respond to discovery, the parties agreed that Defendants could respond to the outstanding discovery served on them by August 16, 2012.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

9. Defendant, Aircom Management Corp., Inc., served its Objections to Plaintiff's Interrogatories by email on August 16, 2012. (Exhibit "B".)

10. Defendant's Objections to Plaintiff's Interrogatories contained one objection – which rested solely upon Defendant's contention that Plaintiff served "more than 25 written interrogatories, including discrete subparts." (Exhibit "B".)

11. Defendant chose to not particularly respond to any one of the 25 Interrogatories and, in fact, served nothing other than its Objection in response to the Interrogatories. *But see* Local Rule 26.1(g)("no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory".)

12. When Plaintiff asked whether Defendant would revisit its objection that same day, August 16, 2012, before she sought the Court's intervention on this discover issue, Defendant refused to recede from its position. (Exhibit "C".)

13. Plaintiff needs the requested discovery in a timely fashion in order to properly evaluate the Affirmative Defenses asserted by Defendants, to prepare to depose Defendants, and to prepare for trial.

14. Plaintiff is prejudiced in her preparation for trial as a result of Defendant's obstructionist tactics.

WHEREFORE Plaintiff, Maria Lora Perez, requests the Court to enter an Order overruling Defendant's objections and Compelling Defendant, Aircom Management Corp., Inc. to answer Plaintiff's interrogatories under oath and in writing within 10 days hereof, to award sanctions pursuant to Fed. R. Civ. P. 37, and to award such other and further relief as the Court deems just and proper.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus far, Plaintiff has produced the documents supporting her statement of claim and served her Initial Disclosures, while Defendants have not responded to Plaintiff's Statement of Claim [DE 6], Defendants have not served their Initial Disclosures, and Defendants have provided no documents or information to Plaintiff.

*Defendant's Only Objection*

Defendant's **only objection** to Plaintiff's Interrogatories was that Plaintiff served "more than 25 written interrogatories, including discrete subparts." The determination of whether Plaintiff's written interrogatories are limited to 20 or should be broken down to include more than 30 interrogatories is made according to what has been referred to as the "related question test". If each of Plaintiff's separately numbered interrogatories is comprised of related questions, then Defendant's objections should be overruled, and she should be required to provide the information sought forthwith.

*The Related Question Test*

Florida federal courts have employed the "related question test" to determine whether an interrogatory and its subparts are considered as a single interrogatory or multiple interrogatories with discrete subparts. Under this test, courts analyze whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *See e.g., Hatfield v. A Nursetemps, Inc.*, 2012 WL 1326120 (M.D. Fla. 2012) (quoting *Ingole v. Certain Underwriters at Lloyd's of London*, 2009 WL 1211359 (M.D. Fla. 2009)); *also see Calderon v. Reederei Claus-Peter Offen & Co.*, 2008 WL 4194810 (S.D. Fla. 2008); *Powell v.*

4

*The Home Depot USA, Inc.*, 2008 WL 2473748 (S.D. Fla. 2008); *Forum Architects, LLC, v. Candela*, 2008 WL 217119 (N.D. Fla. 2008). If so, then the interrogatory is treated as a single question and need not have its parts counted as separate interrogatories for purposes of the 25-question limit.[1]

The "related question test" is consistent with the Advisory Committee Notes to the 1993 Amendments to the Federal Rules of Civil Procedure. The Committee Notes direct that a "question asking about a communication of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present and contents be stated separately for each such communication." *See* Rule 33(a) Advisory Committee Notes to 1993 Amendment.

Each of Plaintiff's Interrogatories to Defendant posed a set of related questions, such that each question (or set of questions) was "related"[2]:

<u>Int. 1</u>   - Asked about the person responding to the Interrogatories

Int. 2   - Asked about witnesses

Int. 3   - Asked about Defendant's payment of Plaintiff (including position, rate of pay, and deductions)

Int. 4   - Meal breaks

Int. 5   - Overtime rate calculation

Int. 6   - Defendant's timekeeping system/method (if any)

Int. 7   - Discussions about overtime pay and/or minimum wages

Int. 8   - Facts supporting Defendant's "good faith" affirmative defense

---

[1] If the Court deems that the number of interrogatories exceeds 25, then Plaintiff seeks *nunc pro tunc* leave to propound in excess of 25 interrogatories.

[2] **Since Defendant asserted a blanket objection, Local Rule 26.1(h)(2) does not require** Plaintiff to set forth the each separate interrogatory in the body of the Motion to Compel.

5

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

    Int. 9   - Facts supporting Defendant's defenses to Plaintiff's overtime claim

    Int. 10 - Facts supporting Defendant's affirmative defenses that Plaintiff waived her minimum wage claim

    Int. 11 - Weekly pay rate and deduction information

    Int. 12 - Description of Defendant's timekeeping policies

    Int. 13 - Description of Defendant's minimum wage poster

    Int. 14 - Information about prior lawsuits against Defendant

    Int. 15 - Identity of Defendant's experts

    Int. 16 - Identity of regulations and laws consulted in determining whether to pay Plaintiff overtime wages

    Int. 17 - Information about the amount Defendant believes is owed to Plaintiff

    Int. 18 - Information about Defendant's gross annual revenues

    Int. 19 - Information about credit card processing by Defendant

    Int. 20 - Information to identify Defendant's suppliers

Interrogatories similar to those propounded by Plaintiff were considered sufficiently related to <u>not</u> be construed as posing separate questions in the cases cited above. Thus, there is no legitimate or well-founded basis for Defendant's objection, and it should be summarily overruled.

### *Defendant Failed to Preserve Any Other Objection(s)*

Defendant's failure to specifically object to each of Plaintiff's Interrogatories also results in Defendant's waiver of any other objection that would have otherwise been available to it pursuant to Fed. R. Civ. P. 33(b)(4), which states as follows:

> The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

Upon the Court overruling Defendant's sole objection, Defendant cannot raise any other objection to the Court requiring it to fully answer Plaintiff's 20 Interrogatories.

### *Imposition of Rule 37 Discovery Sanctions*

As a result of Defendants' refusal to timely and properly respond to the discovery served on them, Plaintiff has been left with no alternative but to ask the Court to intervene in this discovery dispute and seek an Order Compelling Defendants. Rule 37(a)(5)(A) provides in pertinent part that:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The award of reasonable expenses is <u>not allowed</u> only in the limited circumstance not presented here – i.e., when the movant did not act in good faith to obtain the discovery without court action, if the opposing party's failure to respond was substantially justified, or some other circumstances make an award of expenses unjust. *Id.* Undersigned counsel promptly emailed defense counsel order to obtain Defendants' answers to Plaintiff's Interrogatories, but Defendant refused to change its position or withdraw its objection(s) to the Interrogatories. (Exhibit "C".)

While in isolation, the mere taking of a faulty position may not amount to much, Defendant's actions are not isolated:

    a.    Defendant failed to properly respond to Plaintiff's Requests for Admissions;

    b.    Defendant failed to serve a Corporate Disclosure Statement;

    c.    Defendant failed to serve its Initial Disclosures and supporting documents;

7

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

    d.    Defendant has not actually produced any documents responsive to Plaintiffs' Reqeusts for Production (even though it claimed to make such documents available, Plaintiff has not been provided with an estimate of the number of responsive pages nor dates on which the responsive documents could be copied); and

    e.    Defendant's assertion of an improper objection to Plaintiff's Interrogatories.

Defendants have no substantial justifications for their failure to provide responses to the outstanding discovery. Accordingly, this Court should award Plaintiff her expenses incurred in bringing this Motion, including her attorneys' fees.

## CONCLUSION

For the foregoing reasons, Plaintiff requests the Court to enter an Order in accordance with the above Motion.

## RULE 7.1 CERTIFICATION

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that he has been unable to do so. The reasonable efforts made were specifically as follows: Plaintiff's counsel emailed Defense counsel on August 16, 2012, and asked whether he would agree to withdraw his objection and respond to the individual interrogatories, but Defendant refused. (Exhibit "C".)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 30th day of August, 2012, which will

8

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

effect service on Alan G. Geffin, Esq., *counsel for Defendants*, Hermelee & Geffin, LLC, 101 N.E. 3rd Ave., No. 1110, Ft. Lauderdale, FL 33301 ageffin@hermeleegeffin.com.

        FAIRLAW FIRM
        *Attorney for Plaintiff*
        9130 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Tel:    305.230.4884
        Fax:   305.230.4844

        s/*Brian H. Pollock, Esq.*
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com