EXHIBIT

"A"

From: "Brian H. Pollock" <brian@fairlawattorney.com>
Subject: Maria Lora Perez vs. Aircom & Darcy
Date: July 6, 2012 1:00:49 PM EDT
To: "Alan G. Geffin" <ageffin@hermeleegeffin.com>



4 Attachments 5.9 MB

Alan:

Please see the attached in .pdf format.

With respect to mediation, I propose that we use Rob Norell as our mediator. I agree that we should mediate before the deadline, and would suggest that we get it done in either later July or mid-late August.

I look forward to hearing from you.

Brian H. Pollock
FairLaw Firm
9100 S. Dadeland Blvd., Ste. 1010
Miami, FL 33156
Dir: 305.230.4822
Ofc: 305.230.4884
Fax: 305.230.4844

# EXHIBIT

# "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-60322-Williams/Seltzer

MARIA LORA PEREZ,
And all other similarly situated,

     Plaintiff(s).

v.

AIRCOM MANAGEMENT CORP., INC.
and DINAH A. DARCY,

     Defendants.

_____/

## DEFENDANT, AIRCOM MANAGEMENT CORP., INC.'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and all applicable Local Rules of the United States District Court for the Southern District of Florida, Defendant, Aircom Management Corp., Inc., hereby files its Objections to Plaintiff's First Set of Interrogatories and states:

1.    On or about July 7, 2012, Plaintiff filed and served her First Set of Interrogatories to Defendant, Aircom Management Corp., Inc. A true and correct copy of such Interrogatories is appended hereto as Aircom's Exhibit 1.

2.    Pursuant to a stipulation of the parties' counsel, Aircom's responses to the Interrogatories are due by 5:00 p.m. on Thursday, August 16, 2012.

3.    Aircom objects to Plaintiff's First Set of Interrogatories because they fail to adhere to the aforecited rules.

4.     Specifically, Rule 33 of the Federal Rules of Civil Procedure provides, in pertinent

part:

> (1) *Number.* Unless otherwise stipulated or ordered by
> the Court, a party may serve on any other party no
> more than 25 written interrogatories, including all
> discrete subparts.

5.     Plaintiff did not secure a stipulation as to the number of interrogatories to be served

nor has the Court permitted Plaintiff to serve more than 25 written interrogatories. Despite the

foregoing, Plaintiff propounded her interrogatories which, including discrete subparts, exceed 25 in

number.

6.     For example, Plaintiff's third interrogatory is set forth in a full paragraph. That

interrogatory, alone, consists of 19 discrete interrogatories when calculating the paragraph's subparts.

It is set forth, verbatim, below.

> 3)     Please state when Plaintiff began working for
> Defendant, either as an employee or an independent
> contractor, her position titles, rates of pay, method of
> payment, tasks performed and where she were [sic]
> performed for the Defendants. Specify the nature of
> employment agreement as to the payment of wages to
> Plaintiff, including the amount of total payment of
> wages/remuneration, the rate of pay for hours worked
> under 40 hours per week; the rate of pay for hours
> worked over 40 hours per week; any deductions taken
> from Plaintiff's wages (*i.e.*, for purchasing uniforms)
> and the date each deduction was taken; the date(s) of
> any increase/decrease in Plaintiff's rate of pay, and the
> reason for the change, effective date(s) of each
> change, and describe each such change.

7.     Because Plaintiff's interrogatories exceed 25 and because Plaintiff has neither secured

a Court Order nor the undersigned's stipulation to serve more than 25 interrogatories, they are

objectionable.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was e-mailed and mailed this __6__ day of August, 2012 to Brian H. Pollock, Esq., FairLaw Firm, 9100 S. Dadeland Blvd., Ste. 1010, Miami, Florida 33156.

Respectfully submitted,

**HERMELEE & GEFFIN, LLC**
101 Northeast 3rd Ave, Ste. 1110
Ft. Lauderdale 33301
Office: 954-764-4445
Fax: 954-764-4989

By: _____
ALAN G. GEFFIN
Florida Bar No. 780006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60322-KMW

MARIA LORA PEREZ,
And all others similarly situated,

  Plaintiff(s),

vs.

AIRCOM MANAGEMENT CORP., INC., and
DINAH A. DARCY,

  Defendants.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT, AIRCOM MANAGEMENT CORP., INC.

Plaintiff, Maria Lora Perez, pursuant to Fed. R. Civ. P. 26 and 33, Local Rule 26.1, and other applicable Rules and laws, propound these Interrogatories on Defendant, Aircom Management Corp., Inc., who shall respond separately, fully, under oath and in writing, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth below:

### INSTRUCTIONS

*1.*   *These instructions and definitions should be construed to require answers based* upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction

1



that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonally if further or different information is obtained with respect to any interrogatory and as additional Plaintiffs opt-in to the case.

3. Pursuant to Local Rule 26.1, no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

> A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
>
> B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,
>
> > (1) For oral communications:
> >
> > > a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

2

      b.    the date and place of the communication; and

      c.    the general subject matter of the communication.

(2)  For documents:

      a.    the type of document,

      b.    the general subject matter of the document,

      c.    the date of the document, and

      d.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If the responding party elects to specify and produce business records in answering any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6.    If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    Concerning: The term "concerning" means relating to, referring to, describing,

3

evidencing, or constituting.

2.     Communication: The term "communication" means the transmittal of information by any means.

3.     Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include electronic files and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4.     Identify (with respect to persons): When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5.     Identify (with respect to documents): When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6.     Occurrence/Transaction: The terms "occurrence" and "transaction" mean the

4

events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7.   Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8.   Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9.   You/Your: The terms "you" or "your" include the person(s) to whom these requests have addressed, and all of that person's agents, representatives and attorneys.

10.   The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

11.   Defendants: The terms "Defendants" means the Defendants, Aircom Management Corp., Inc. and Dinah A. Darcy.

12.   Aircom: The term "Aircom" shall mean the Defendant, Aircom Management Corp., Inc., including its officers, agents, patent, subsidiary, predecessor and successor companies.

5

## FIRST INTERROGATORIES TO AIRCOM MANAGEMENT CORP., INC.

1)   Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to Defendant, Aircom.

**Answer:**

2)   Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

**Answer:**

6

3)   Please state when Plaintiff began working for Defendant, either as an employee or an independent contractor, her position titles, rates of pay, method of payment, tasks performed and where she were performed for the Defendants. Specify the nature of the employment agreement as to the payment of wages to Plaintiff, including the amount and total payment of wages/remuneration, the rate of pay for hours worked under 40 hours per week; the rate of pay for hours worked over 40 hours per week; any deductions taken from Plaintiff's wages (*i.e.*, for purchasing uniforms) and the date each deduction was taken; the date(s) of any increase/decrease in Plaintiff's rate of pay, and the reason for the change, effective date(s) of each change, and describe each such change.

Answer:

4)   State whether Plaintiff was entitled to take a meal break or other break during working hours, the duration of each permitted break, and describe the method by each such break was documented (*i.e.*, by clocking out/in, automatically, etc.), and identify the methods by which these requirements were communicated to Plaintiff.

Answer:

7

5)    For each week that Defendant employed Plaintiff during the past two years, please set forth how Defendant calculated Plaintiff's hourly overtime rate. For example, how did Defendant calculate and pay Plaintiff's base/regular rate of pay, and how was her overtime rate calculated?

    **Answer:**

6)    Describe the time-keeping system, if any, used to monitor employee and/or independent contractor time and attendance used by Defendant. If the time-keeping system is a machine or computerized system, then please set forth: a) the brand name; b) vendor name, address, and telephone number; c) the manufacturer name, address and telephone number; d) brand name of software used for the system; and e) the name, address, and telephone number of all payroll processing companies and your contact at same. Please also identify by name, title, and address and/or employment status of all persons responsible for maintaining those time records and/or for keeping track of the hours that Plaintiff worked. Please also identify all documents used and/or consulted in calculating the weekly hours worked.

    **Answer:**

8

7)    State whether Plaintiff and Defendants ever discussed the issue of overtime pay and/or
      minimum wage compensation and, if so, please state the nature of each such discussion,
      the date each took place, and the name, address, and telephone number of each person
      involved. If not, then please state why Defendants did not address the issues of overtime
      compensation and/or minimum wage with Plaintiff.

      Answer:

8)    State all facts supporting your Affirmative Defense of having acted in good faith,
      including Defendants' having maintained time records for Plaintiff, correctly and timely
      paying overtime wages to Plaintiff, and explain all efforts taken by or for you to
      determine whether and to what extent Plaintiff was entitled to overtime pay at all times
      material.

      Answer:

9

9)   State all facts that support your defenses that Plaintiff's claims for unpaid overtime wages (for hours worked in excess of 40 per week), are barred, overstated, and/or unrecoverable.

Answer:

10)   State all facts that support your defense that Plaintiff waived her right to claim minimum wages and/or the overtime wages sought in this lawsuit:

Answer:

10

11)    For each week that Plaintiff worked for Defendants, please state the following:

Answer:

a)    the hourly rate that Defendant agreed to pay to the Plaintiff;

b)    whether Defendant paid Plaintiff the hourly rate identified in 11)a. through the use of the "tip credit" as set forth in 29 U.S.C. §203(m) and, if so, please also state the amount of the tip credit taken in each workweek; and

c)    state the amount of the reduced cash wage Defendants paid to Plaintiff each week.

12)    Describe all policies for creating and maintaining accurate time records of all hours worked by the Defendants' employees. If you did not create and maintain accurate time records of all hours worked by Defendants' drivers, who did and how was pay determined for each pay period for all of Defendants' current and former employees for the past three years?

Answer:

11

13) Describe how Defendants had posted information at the place of business about employees' wage and overtime rights under Florida and federal law, including identifying the information posted, the exact locations of the posting, the date the information was posted, and identify the date and location(s) from which the notice was purchased.

Answer:

14) Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party or in which you have testified during the last five years, providing the style, cause number and court or agency in which each action was pending, and briefly describing the nature of the proceeding.

Answer:

12

15) Please identify each person who you expect to provide expert testimony in any deposition in this case or at trial and state the subject matter on which each such person may give expert testimony.

      Answer:

16) Please identify all administrative regulations, orders, ruling, and interpretations, administrative practices, and enforcement policies of United States agencies on which you relied to not pay minimum wages, overtime to Plaintiff, including the date you received, printed, and/or first consulted each, and on which you relied to pay Plaintiff as an independent contractor and not as an employee.

      Answer:

13

17)   Please state the amount which you believe is owed to Plaintiff, the method/means by
      which you calculated the amount owed, and explain all reasons why you did not pay
      Plaintiff on a bi-weekly basis at least a minimum wage, and for all overtime worked and
      all overtime pay/wages earned during each pay period:

      **Answer:**

18)   Please state your gross annual revenues for calendar year 2011 and for the first quarter of
      2010 and identify the person(s) whom you used to prepare your state and federal tax
      returns by name, address, and the name of his/her accounting firm and/or tax preparation
      firm.

      **Answer:**

14

19) Please state the name, address, telephone number, and contact person for each credit card company/entity that Aircom accepts, uses, is authorized to use, and/or is under contract, agreement or understanding with for purposes of accepting credit card payments at its business and also state the reference number assigned to Aircom by each such company.

Answer:

20) Please state the name, address, telephone number, your customer number, and your contact person for each supplier of food, produce, beer, wine, beverages, automotive goods, paper goods, cleaning supplies, cash registers, computers, gasoline pumps, signage, tobacco products, batteries, oil, gasoline, diesel fuel, and all items sold by Defendants at their place of business:

Answer:

15

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by email and by U.S. Mail on this 7th day of July, 2012, on Alan G. Geffin, Esq., *counsel for Defendants*, Hermelee & Geffin, LLC, 101 N.E. 3rd Ave., No. 1110, Ft. Lauderdale, FL 33301 ageffin@hermeleegeffin.com.

FAIRLAW FIRM
*Attorney for Plaintiff*
9100 S. Dadeland Blvd.
Suite 1010
Miami, FL 33156
Tel:    305.230.4884
Fax:   305.230.4844

Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

16

EXHIBIT

"C"

From: "Dorothy Pitcher" <dorothy@hermeleegeffin.com>
Subject: RE: Darcy, Dinah advs. Maria Lora Lopez:
Date: August 16, 2012 4:01:47 PM EDT
To: "Brian Pollock" <brian@fairlawattorney.com>

Brian,

Your interrogatories are deficient and non-compliant with the applicable rules. There is no obligation for us to, and therefore we will not, respond to any of the interrogatories today.

Alan

From: Brian Pollock [mailto:brian@fairlawattorney.com]
Sent: Thursday, August 16, 2012 3:11 PM
To: Dorothy Pitcher
Subject: Re: Darcy, Dinah advs. Maria Lora Lopez:

Alan,

Please advise whether you will be serving answers to the any interrogatories today. If not, I'll proceed accordingly. Please consider this as my attempt to confer on this issue.

Brian H. Pollock, Esq.
FairLaw Firm
9100 S. Dadeland Blvd.
Ste. 1010
Miami, FL 33156
Dir: 305.230.4822
Ofc: 305.230.4884
Fax: 305.230.4844
brian@fairlawattorney.com

On Aug 16, 2012, at 1:02 PM, Dorothy Pitcher <dorothy@hermeleegeffin.com> wrote:

The attached are for your file and are also being mailed. Thank you.

Dorothy Pitcher
Legal Assistant

Hermelee & Geffin, LLC
Fort Lauderdale Office:
Tower 101
101 NE 3rd Avenue
Suite 1110
Fort Lauderdale, Florida 33301
Phone: 954-764-4445
Fax: 954-764-4989

Miami Beach Office:
City National Bank Building
300 71st Street
Suite 405
Miami Beach, FL 33141
Phone: 305-866-7551
Fax: 305-866-7063

************************************************************************
This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments. Any

unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

"Tax advice disclosure: to ensure compliance with requirements imposed by the IRS under Circular 230. We inform you that the any u.s. federal tax advice contained in this communication (including any attachments); Unless otherwise specifically stated, was not intended or written to be used, and cannot be used. for the purpose of (1) avoiding penalties under the internal revenue code or (2) promoting, marketing or recommending to another party any matters addressed herein."

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<Responses to First Request for Production.pdf>
<Objections to First Set of Interrogatories.pdf>
<Response to Requests for Admissions.pdf>
<Notice of Serving Responses to First Request for Production.pdf>
<Notice of Serving Responses and Objections to Discovery.pdf>