UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-60322-Williams/Seltzer

MARIA LORA PEREZ,
and all other similarly situated,

    Plaintiff(s).

v.

AIRCOM MANAGEMENT CORP., INC.
and DINAH A. DARCY,

    Defendants.
_____/

### DEFENDANT, AIRCOM MANAGEMENT CORP., INC.'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, Defendant, Aircom Management Corp., Inc., hereby responds to Plaintiff's Motion to Determine Sufficiency of Defendant's Responses and Objections to Plaintiff's Requests for Admissions and states:

1. Plaintiff propounded a Request for Admissions upon Defendant, Aircom Management Corp., Inc.

2. In her Motion to Determine Sufficiency, Plaintiff argues that the Request for Admissions was propounded to narrow the issues framed by the parties' pleadings.

3. Plaintiff's motivation, however, to the service of this discovery device is irrelevant.[1]

4. In order to determine the sufficiency of Defendant's responses, this Court is

---

[1] Defendant contests the self-serving statement that the discovery request was propounded in an effort to narrow issues. Defendant maintains that the discovery request is deliberately burdensome and was propounded to annoy and harass Defendants.

respectfully directed to first inquire into the propriety of the Requests for Admissions themselves. Among other things, the requests do not comport with the mandates of the Federal Rules of Civil Procedure.

5. Plaintiff's failings are set forth, with specificity, in Defendant's responses. Defendant did not interpose "blanket objections," but, rather, endeavored to respond to each and every paragraph of the Request for Admissions.

6. Unfortunately, many of the requests directed to Defendant are objectionable or are otherwise unanswerable as phrased. For example, Plaintiff improperly interjects particular terms into her Request for Admissions (including such terms as "goods" or "materials"). However, Plaintiff fails to define such terms, thereby rendering it impossible for Defendant to meaningfully respond.

7. Likewise, Plaintiff seeks to secure from this corporate defendant legal opinions concerning Plaintiff's theory of liability and the application of Federal law. Rather than simply denying the request for admission - - as many litigants might be inclined to do - - this Defendant properly interposed an objection. Plaintiff feels aggrieved by such objection and, rather than seeking a ruling from the Court thereon, has filed her "Motion to Determine Sufficiency. . ."

8. Further, although not properly before this Court - - because Plaintiff has failed to seek appropriate relief - - Plaintiff complains about Defendant's objections concerning Defendant's financial wherewithal. As revealed by Defendant's objections to requests for admissions 17 and 18, Plaintiff has sought to secure confidential information pertinent to Defendant's finances. Defendant has properly objected to such requests. Among other things, Defendant notes that this information is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. As correctly observed by Plaintiff in her motion: "This is an FLSA case" where Plaintiff seeks to recover a total of approximately $1,600.00 (in minimum wage and overtime payments). The Defendant's alleged failure to make such payments does not expose it to a fishing

expedition of its finances. Federal law on this subject is clear:

> In most cases, financial discovery is not appropriate until after judgment. Information about the financial status of a putative defendant would be interesting to any person or agency considering a civil suit for damages. Under most circumstances, however, a private plaintiff may not discovery an opponent's assets until after a judgment against the opponent has been rendered. Defendant's financial status, like the financial status of most putative defendants, is not relevant to any issue that will be raised in the contemplated lawsuit.

*Soliday v 7-Eleven, Inc.,* 210 WL 4537903 (M.D. Fla. Nov. 3, 2010).

9. Although the issue a defendant's finances may be relevant when punitive damages are sought, no such punitive damages are sought in this case.

10. Defendant respectfully suggests that each and every response to Plaintiff's Requests for Admissions is sufficient, appropriate, proper and meritorious. Accordingly, it is respectfully suggested that Plaintiff's Motion to Determine Sufficiency of Defendant's Responses and Objections to Plaintiff's Requests for Admissions be denied.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed through the CM/ECF filing system this 4th day of September, 2012 and e-mailed to Brian H. Pollock, Esq., FairLaw Firm, 9100 S. Dadeland Blvd., Ste. 1010, Miami, Florida 33156.

        Respectfully submitted,

        **HERMELEE & GEFFIN, LLC**
        101 Northeast 3rd Ave, Ste. 1110
        Ft. Lauderdale 33301
        Office: 954-764-4445
        Fax: 954-764-4989

        By: /s/_____
            ALAN G. GEFFIN
            Florida Bar No. 780006