UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60322-KMW

MARIA LORA PEREZ,
And all others similarly situated,

    Plaintiff(s),

vs.

AIRCOM MANAGEMENT CORP., INC., and
DINAH A. DARCY,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL
DOCUMENTS RESPONSIVE TO HER REQUESTS FOR PRODUCTION
AND MOTION TO OVERRULE DEFENDANT'S OBJECTIONS**

    Plaintiff, Maria Lora Perez, through her undersigned counsel and pursuant to Fed. R. Civ. P. 26, 33, 37, Local Rules 7.1 and 26.1, and other applicable Rules and laws requests the Court to enter an Order Compelling Defendants to produce the documents responsive to Plaintiff's Requests for Production and Overruling their objections to those Requests and to award other relief based on the following good cause:

**MOTION**

    1.    Defendants violated the FLSA and the Florida Minimum Wage Act when they failed to pay Plaintiff a minimum wage for all of the time that she worked and also violated the FLSA when they deprived her of overtime pay calculated at one and one-half times her regular rate of pay (of at least minimum wage) when she worked in excess of 40 hours in a workweek. [DE 1.]

    2.    Defendants dispute that they owe Plaintiff any minimum wages or overtime pay

1

even though they (mis)classified Plaintiff as an independent contractor, paid her the same $300.00/week as an independent contractor, issued her 1099's, and generated no documentation about Plaintiff's hourly rate, pay deductions, or hours worked, when Plaintiff routinely worked 44 hours per week.

3.       Besides taking an untenable position with regard to Plaintiffs' claims, Defendants are unreasonably obstructing Plaintiff's access to discoverable information by delaying this litigation, by vexatiously multiplying these proceedings by refusing to provide discoverable information and materials, and by requiring Plaintiff to resort to the Court to obtain what should be run-of-the-mill discovery in this FLSA case.

4.       On July 6, 2012, Plaintiff, Maria Lora Perez, served by email (Exhibit "A") and by U.S. Mail Plaintiff's Requests for Production on Defendants. (Exhibit "B").

5.       Plaintiff's served a total of 45 Requests. (Exhibit "B".)

6.       Defendants at first failed to timely respond, object, or request an extension of time to respond to Plaintiff's discovery.

7.       After contacting defense counsel pursuant to Local Rule 7.1 in advance of filing a Motion to Compel with the Court to address Defendants' failure to timely respond to discovery, the parties agreed that Defendants could respond to the outstanding discovery served on them by August 16, 2012.

8.       Defendants served their Response to Plaintiff's Requests for Production by email on August 16, 2012. (Exhibit "C".)

9.       The first problem is that **Defendants have not actually produced anything** in this case to date.

10. While Defendants purported to make their responsive documents available, they have not actually provided Plaintiff access to any documents.

11. Plaintiff repeatedly asked for Defendants to estimate the number of responsive documents and to let her know when she could send a copy service to retrieve (and copy) the responsive documents. (Exhibit "D".)

12. Defendants have not given Plaintiff the courtesy of letting her know the approximate number of responsive documents nor when she could send a copy service to retrieve (and copy) the documents.

13. In this regard, Defendants now should be required to produce at their expense copies of all documents and materials responsive to Requests Nos. 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 18, 19, 20, 21, 27, 28, 29, 30, 39, 40 and 41 to the undersigned within 10 days.

14. Defendants also asserted objections to discovery that should be overruled, as is more fully demonstrated below:

> 13. Your 2010, 2011, and 2012 federal and state tax returns, including all attachments, schedules, and supporting documents.
>
> > 13. Objection. Defendants object to this paragraph of Plaintiff's First Request for Production insofar as this paragraph seeks the production of documents which are not relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this paragraph insofar as it seeks the production of documents which are proprietary and confidential. Further, Defendants object to the production of the documents sought in this paragraph because the documents contain private financial information relative to the Defendants which information is protected by Article 1, Section 12, of the Florida Constitution. Defendants incorporate herein as their own Plaintiff's Motion for Protective Order with respect to the discovery of Plaintiff's tax returns.

**Basis for Overruling Objection(s):** Defendants' tax returns are at issue in this case and

3

discoverable and will provide information relevant to the issue of enterprise coverage under the FLSA (in the unlikely event that Plaintiff is not subject to individual coverage). In determining that a defendant's tax records were discoverable in Walker v. Americare Radiographics, Inc., 10-60340-CIV-MOORE, 2010 WL 5437254 (S.D. Fla. 2010), this Court discussed as follows:

> First, the tax records sought by Defendant fit within the broad definition of relevance under Fed.R.Civ.P. 26, which provides that a party is entitled to discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b); *see also Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir.1997) (affirming order compelling discovery of tax returns over producing parties' objection that the tax records were private as well as cumulative of their W–2 and 1099 forms that had already been produced); *accord Erenstein v. S.E.C.*, 316 Fed.Appx. 865, 869–70 (11th Cir. 2008).

Therefore, the Court should overrule Defendants' objections.

> 14.   All documents that you have sent to or received from the U.S. Department of Labor ("USDOL") for the period from 2006 to the present.
>
> > 14.   Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

**Basis for Overruling Objection(s):** These documents are not privileged and may reveal that Defendants were on notice of their violations of Florida and/or Federal law and/or Defendants' good faith defense.

> 15.   All documents that explain the meaning of any codes, shorthand, untitled columns of data fields, or other data presentation conventions used in the documents that Defendants have produced in this litigation.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

> 15.    Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

**Basis for Overruling Objection(s):** This objection is absurd. There is no reason why Plaintiff is not entitled to documents that explain any shorthand, notes, or codes used in the responsive documents. This objection is illustrative of Defendants' obstructionist discovery tactics.

> 16.    All documents concerning investigations of you by the U.S. Department of Labor, any state employment service, or any other agency of state, federal, or local government, concerning compliance with laws concerning employment, worker housing, or worker health and safety.

> 16.    Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

**Basis for Overruling Objection(s):** These documents are not privileged and may reveal that Defendants were on notice of their violations of Florida and/or Federal law and/or Defendants' good faith defense.

> 33.    All documents supporting your Answer and Affirmative Defenses to the operative Complaint, or otherwise supporting the contention that you are not liable to Plaintiff as alleged in the operative Complaint in this case.

> 33.    Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought within this paragraph are protected by the attorney-client privilege and/or work product doctrine.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**Basis for Overruling Objection(s):** Defendants have thus far produced nothing in this case. They have not filed a Corporate Disclosure Statement or their Initial Disclosures. Furthermore, there is no privilege that attaches to documents that Defendants intend to utilize – either at summary judgment or at trial – to support their Affirmative Defenses or their denial of liability to Plaintiff. Defendants will ultimately shoulder the burden of proving their affirmative defenses and since Plaintiff seeks only those documents that support (as opposed to merely "relate") the Affirmative Defenses, disclosure should be had not to prevent Defendants from surprising Plaintiff after the close of discovery. *See e.g.*, *Martin v. Am. Traveler Staffing Professionals, LLC*, 2008 WL 7863654 (S.D. Fla. 2008). As this Court has stated, "The affirmative defenses are simply allegations and/or legal conclusions. Plaintiff is entitled to know what facts in Defendant's possession support those allegations, and Defendant must produce any documents containing these facts." *Chauve v. Costa Crociere, S.p.A.*, 2007 WL 2916326 (S.D. Fla. 2007). Accordingly, Defendants should be required to produce the requested documents and materials.

34. All schedules for all of your employees from April 1, 2011 to the present.

    34. Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

**Basis for Overruling Objection(s):** The schedules for Defendants' employees during the relevant time period will help to establish the times when Plaintiff worked, as Defendants did not keep time records.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

43. Copies of all financial statements, loan applications, profit and loss statements, and balance sheets for Defendants from April 2011 to the present.

    43. Objection. Defendants object to this paragraph of Plaintiff's First Request for Production insofar as this paragraph seeks the production of documents which are not relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this paragraph insofar as it seeks the production of documents which are proprietary and confidential. Further, Defendants object to the production of the documents sought in this paragraph because the documents contain private financial information relative to the Defendants which information is protected by Article 1, Section 12, of the Florida Constitution. Defendants incorporate herein as their own Plaintiff's Motion for Protective Order with respect to the discovery of Plaintiff's tax returns.

**Basis for Overruling Objection(s):** Defendants in this case already admitted that the information they transmitted to the IRS was inaccurate when they issued Plaintiff a revised 1099 for 2011 (during the pendency of this lawsuit). This Court has previously permitted discovery of not just financial statements, but also of the actual banking records from Defendants' bank in order to obtain evidence necessary to establish enterprise coverage. *Lopez v. Pereyra*, 2009 WL 3586907 (S.D. Fla. 2009).

44. All contracts and agreements with all credit card companies (and credit card processing companies) in effect from January 2011 to the present.

    44. Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

**Basis for Overruling Objection(s):** These contracts will help to establish the existence of

7

enterprise coverage for a gas station and convenience store.

> 45. All contracts, agreements, and invoices relating to each supplier of food, produce, beer, wine, beverages, automotive goods, paper goods, cleaning supplies, cash registers, computers, gasoline pumps, signage, tobacco products, batteries, oil, gasoline, diesel fuel, and all items sold by Defendants at their place of business.

> 45. Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

**Basis for Overruling Objection(s):** These materials will also help to reflect the interstate nature of Defendants' business and, quite possibly, Plaintiff's entitlement to individual coverage under the FLSA. The documents likely will show the source of the goods that Plaintiff and Defendants used to transact business.

15. Plaintiff needs the requested discovery in a timely fashion in order to properly evaluate the Affirmative Defenses asserted by Defendants, to prepare to depose Defendants, and to prepare for trial.

16. Plaintiff is prejudiced in her preparation for trial as a result of Defendant's obstructionist tactics.

WHEREFORE Plaintiff, Maria Lora Perez, requests the Court to enter an Order overruling Defendant's objections and Compelling Defendant, Aircom Management Corp., Inc. to answer Plaintiff's interrogatories under oath and in writing within 10 days hereof, to award sanctions pursuant to Fed. R. Civ. P. 37, and to award such other and further relief as the Court deems just and proper.

8

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus far, Plaintiff has produced the documents supporting her statement of claim and served her Initial Disclosures, while Defendants have not responded to Plaintiff's Statement of Claim [DE 6], Defendants have provided no documents or information to Plaintiff.

### *Imposition of Rule 37 Discovery Sanctions*

As a result of Defendants' refusal to timely and properly respond to the discovery served on them, Plaintiff has been left with no alternative but to ask the Court to intervene in this discovery dispute and seek an Order Compelling Defendants. Rule 37(a)(5)(A) provides in pertinent part that:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The award of reasonable expenses is <u>not allowed</u> only in the limited circumstance not presented here – i.e., when the movant did not act in good faith to obtain the discovery without court action, if the opposing party's failure to respond was substantially justified, or some other circumstances make an award of expenses unjust. *Id.* Undersigned counsel promptly emailed defense counsel order to obtain the materials responsive to Plaintiff's Requests for Production, but Defendants refused to even produce the documents they purported to make available. (Exhibit "D".)

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

While in isolation, the mere taking of a faulty position may not amount to much, Defendants' actions are not isolated:

    a.    Defendant failed to properly respond to Plaintiff's Requests for Admissions;

    b.    Defendant failed to serve a Corporate Disclosure Statement;

    c.    Defendants failed to serve their Initial Disclosures and supporting documents;

    d.    Defendants have not actually produced any documents responsive to Plaintiffs' Requests for Production (even though it claimed to make such documents available, Plaintiff has not been provided with an estimate of the number of responsive pages nor dates on which the responsive documents could be copied); and

    e.    Defendant's assertion of an improper objection to Plaintiff's Interrogatories.

Defendants have no substantial justifications for their failure to provide responses to the outstanding discovery. Accordingly, this Court should award Plaintiff her expenses incurred in bringing this Motion, including her attorneys' fees.

## CONCLUSION

For the foregoing reasons, Plaintiff requests the Court to enter an Order in accordance with the above Motion.

## RULE 7.1 CERTIFICATION

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that he has been unable to do so. The reasonable efforts made were specifically as follows: Plaintiff's counsel emailed Defense counsel several times to obtain the responsive materials that Defendants purported to make available, but Defendants never did made the materials available.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 14th day of September, 2012, which will effect service on Alan G. Geffin, Esq., *counsel for Defendants*, Hermelee & Geffin, LLC, 101 N.E. 3rd Ave., No. 1110, Ft. Lauderdale, FL 33301 ageffin@hermeleegeffin.com.

> FAIRLAW FIRM
> *Attorney for Plaintiff*
> 9130 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Tel:    305.230.4884
> Fax:   305.230.4844
>
> s/*Brian H. Pollock, Esq.*
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com

11

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com