# EXHIBIT

## "A"

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

From: "Brian H. Pollock" <brian@fairlawattorney.com>
Subject: Maria Lora Perez vs. Aircom & Darcy
Date: July 6, 2012 1:00:49 PM EDT
To: "Alan G. Geffin" <ageffin@hermeleegeffin.com>



4 Attachments, 5.9 MB

Alan,

Please see the attached in .pdf format.

With respect to mediation, I propose that we use Rob Norell as our mediator. I agree that we should mediate before the deadline, and would suggest that we get it done in either later July or mid-late August.

I look forward to hearing from you,



Brian H. Pollock
FairLaw Firm
9100 S. Dadeland Blvd., Ste. 1010
Miami, FL 33156
Dir: 305.230.4822
Ofc: 305.230.4884
Fax: 305.230.4844
brian@fairlawattorney.com
www.fairlawattorney.com

# EXHIBIT

# "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60322-KMW

MARIA LORA PEREZ,
And all others similarly situated,

     Plaintiff(s),

vs.

AIRCOM MANAGEMENT CORP., INC., and
DINAH A. DARCY,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

Plaintiff, Maria Lora Perez, pursuant to Fed. R. Civ. P. 26 and 34, Local Rule 26.1, and other applicable Rules and laws, request that Defendants, Aircom Management Corp., Inc. and Dinah A. Darcy, produce the following documents and materials at the office of the undersigned within 30 days hereof:

### INSTRUCTIONS

1.    You are required to supplement your Response(s) to this Request during these proceedings.

2.    If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.    Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production, inspection, or copying:

    A.    If you are withholding the document under claim of privilege (including but not

1

limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and each other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

      B.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the document.

      4.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

      5.    It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction that calls for the production of such material, that

2

material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

     6.   If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

     7.   Plaintiffs reserve the right to request to view the original of any copy of a document provided in response to this Request.

## DEFINITIONS

     Notwithstanding any definitions set forth below, each word, term or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with the definitions:

     1.   Communication: The term "communication" means the transmittal of information by any means.

     2.   Concerning: The term "concerning" means relating to, referring to, describing evidence, or constituting.

     3.   Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include documents and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26 (c), electronic mail and information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non- identical copy is a separate document within the

3

meaning of the term "document."

4.   Occurrence/Transaction: The terms "occurrence" and "transaction" mean events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5.   Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6.   Person: The term "person" is defined as any natural person or any business, legal or government entity, or association.

7.   You/Your: The terms "you" and "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

8.   The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. "All" means "any and all," "any" means "any and all." Including" means "including, but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

9.   If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

10.   You: The term "you" or "You" means the Defendants, Aircom Management Corp., Inc. and Dinah A. Darcy.

4

## REQUESTS FOR PRODUCTION

1) All documents concerning monies paid, advanced, loaned, or otherwise provided to Plaintiff in 2011.

2) All documents concerning monies paid, advanced, loaned, or otherwise provided to Plaintiff in 2012.

3) All documents provided by Defendants to Plaintiff concerning her employment by Defendants from 2011 to the present.

4) All receipts relating to cash payments made to Plaintiff.

5) All time sheets and time records used to determine and/or document the days, hours, and times that Plaintiff worked for Defendants – whether as an independent contractor or as an employee.

6) All documents used to hire, solicit, or recruit workers for Defendant from January 1, 2011 to the present. This request includes but is not limited to advertisements, job descriptions, and written disclosures.

7) All correspondence, written statements, notes of conversations, memoranda, and other documents concerning oral or written communications between you and Plaintiff from January 1, 2011 to the present.

8) All documents in your possession, custody, and/or control that were written and/or signed by Plaintiff from January 1, 2011 to the present.

9) All documents concerning the dates and times when each Plaintiff arrived at the location designated by Defendants for each day from April 14, 2011 to the present.

10) All documents reflecting the job performance of Plaintiff from April 14, 2011 to the present.

5

11)  All employee income-reporting documents submitted by Defendants to the Internal Revenue Service for the period of time when Plaintiff began working for Defendants in April 2011 to the present.

12)  Every form W-2, W-4, I-9, 1099, application, written work agreement, written pay agreement, written disclosure statement, and other employment-related document concerning Plaintiff.

13)  Your 2010, 2011, and 2012 federal and state tax returns, including all attachments, schedules, and supporting documents.

14)  All documents that you have sent to or received from the U.S. Department of Labor ("USDOL") for the period from 2006 to the present.

15)  All documents that explain the meaning of any codes, shorthand, untitled columns of data fields, or other data presentation conventions used in the documents that Defendants have produced in this litigation.

16)  All documents concerning investigations of you by the U.S. Department of Labor, any state employment service, or any other agency of state, federal, or local government, concerning compliance with laws concerning employment, worker housing, or worker health and safety.

17)  If you or your agents or employers have made a settlement, deal, agreement, or arrangement of any kind with a person or party of their attorney, including an insurance policy, concerning or that would apply to this case (including the resolution of any claim brought against you pursuant to the Fair Labor Standards Act), please produce a copy of such settlement, deal, agreement, or arrangement. This request includes, but is not limited to, an arrangement to indemnify another party or to pay any attorney's fees or expenses

6

of any party, and also an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

18) All documents which support Defendants' position that they are not obligated to pay overtime wages to Plaintiff.

19) All documents which support Defendants' position that they are not obligated to pay minimum wages to Plaintiff.

20) All documents which support of Defendants' position that they did not intentionally, nor with reckless disregard, fail to comply with the Florida Minimum Wage Law.

21) All documents which support of Defendants' position that they at all times acted in good faith in connection with their obligation to comply with the Florida Minimum Wage Law.

22) All correspondence or other communications whatsoever between you and the person(s) whom you may call as an expert witness.

23) All documents that have been made or prepared by an expert whom you may call to testify as a witness in this case.

24) All documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts or opinions to which the expert is expected to testify or grounds for each opinion.

25) All statements that were signed or recorded by parties and witnesses and all statements that were offered and refused signature by parties and witnesses.

26) All documents concerning to the business structure of Defendant Aircom Management Corp., Inc., for the period from April 14, 2011 to the present, including those showing the identity of all persons who own or operate the business and all persons who recruit,

7

solicit, hire, employ, furnish, or evaluate workers for the business, as well as all persons responsible for accounts receivables, accounts payables, and payroll.

27)   All documents showing Plaintiff's total earnings for each pay period, the hourly rate or piece rate, the hours of employment which had been offered, the hours Plaintiff actually worked, the deductions made from the wages, and all other documents utilized to determine when each Plaintiff started work each day, stopped working for a break, resumed working after a break, and ceased working at the end of each day.

28)   All other documents utilized to determine when each Plaintiff started work each day, stopped working for a break, resumed working after a break, and ceased working at the end of each day from April 14, 2011 through the present.

29)   All documents consulted, reviewed, and/or referenced in connection with your providing answers/responses to Plaintiff's Interrogatories.

30)   All documents identified in your disclosures pursuant to Fed. R. Civ. P. 26.

31)   All documents identifying and/or describing the job duties of Plaintiff, Maria Lora Perez.

32)   All employee manuals, handbooks, and all memoranda distributed, made available, and/or actually provided to Plaintiff from April 14, 2011 to the present.

33)   All documents supporting your Answer and Affirmative Defenses to the operative Complaint, or otherwise supporting the contention that you are not liable to Plaintiff as alleged in the operative Complaint in this case.

34)   All schedules for all of your employees from April 1, 2011 to the present.

35)   Your policies, procedures, memoranda and directions that were provided to each current and former employee of Defendants regarding lunch breaks, including automatic deductions for lunch breaks taken or to be taken by Defendants' employees.

8

36)   All documents on which Defendants based their belief that Plaintiff was not entitled to overtime pay.

37)   A copy of all receipts, bills, and documents relating to Defendants' purchase of all posters and notices regarding minimum wage and/or overtime pay as posted at Defendants' place of business.

38)   All documents supporting Defendants' Affirmative Defenses.

39)   All documents relating to Defendants having informed Plaintiff of about the provisions of 29 U.S.C. §203(m), and/or to Defendants' intention to claim a "tip credit".

40)   All documents relating to the tips or gratuities that Plaintiff received as wages during each pay period.

41)   All documents relating to the accounting of tips and/or gratuities from April 14, 2011 to the present.

42)   All documents upon which Defendants rely to determine the reasonable cost of all meals and beverages provided to Plaintiff.

43)   Copies of all financial statements, loan applications, profit and loss statements, and balance sheets for Defendants from April 2011 to the present.

44)   All contracts and agreements with all credit card companies (and credit card processing companies) in effect from January 2011 to the present.

45)   All contracts, agreements, and invoices relating to each supplier of food, produce, beer, wine, beverages, automotive goods, paper goods, cleaning supplies, cash registers, computers, gasoline pumps, signage, tobacco products, batteries, oil, gasoline, diesel fuel, and all items sold by Defendants at their place of business

9

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by email and by U.S. Mail on this 7th day of July, 2012, on Alan G. Geffin, Esq., *counsel for Defendants*, Hermelee & Geffin, LLC, 101 N.E. 3rd Ave., No. 1110, Ft. Lauderdale, FL 33301 ageffin @ hermeleegeffin.com.

FAIRLAW FIRM
*Attorney for Plaintiff*
9100 S. Dadeland Blvd.
Suite 1010
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

Brian H. Pollock, Esq.
Fla. Bar No/174742
brian@fairlawattorney.com

10

# EXHIBIT

# "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-60322-Williams/Seltzer

MARIA LORA PEREZ,
And all other similarly situated,

      Plaintiff(s).

v.

AIRCOM MANAGEMENT CORP., INC.
and DINAH A. DARCY,

      Defendants.

_____/

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and all applicable Local Rules of the United States District Court for the Southern District of Florida, Defendants, Aircom Management Corp., Inc. and Dinah A. Darcy, individually, hereby respond to the correspondingly-numbered paragraphs of Plaintiff's First Request for Production as follows:

      1.     Any and all documents responsive to this paragraph of Plaintiff's request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

      2.     Any and all documents responsive to this paragraph of Plaintiff's request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

3.    Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

4.    None.

5.    Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

6.    Defendants object to this paragraph of Plaintiff's Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence.  Further, this paragraph seeks the production of documents which are overly broad in scope.  Finally, this paragraph is overly burdensome.

7.    Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

8.    Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

9.    Defendants object to this paragraph of Plaintiff's Request for Production insofar as the paragraph is nonsensical.  Specifically, this paragraph refers to documents reflecting "when each Plaintiff arrived. . ." There is only one Plaintiff named in this action and the request, as phrased, is therefore nonsensical.  Defendants will presume, however, that this paragraph of the request merely

contains a typographical error and, to the extent there are any documents within Defendants' possession, custody or control responsive to this paragraph of the request will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

10.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

11.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

12.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

13.     Objection.  Defendants object to this paragraph of Plaintiff's First Request for Production insofar as this paragraph seeks the production of documents which are not relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this paragraph insofar as it seeks the production of documents which are proprietary and confidential.  Further, Defendants object to the production of the documents sought in this paragraph because the documents contain private financial information relative to the Defendants which information is protected by Article 1, Section 12, of the Florida Constitution.  Defendants incorporate herein as their own Plaintiff's Motion for Protective Order with respect to the discovery of Plaintiff's tax returns.

14.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

15.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

16.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

17.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.  Notwithstanding the foregoing, and without waiving this objection, Defendants respond to this paragraph of Plaintiff's First Request for Production by stating: None.

18.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

19.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

20.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

21.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

22.     None, at this time.

23.     None, at this time.

24.     None, at this time.

25.     None, at this time.

26.     None, at this time.

27.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

28.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

29.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

30.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

31.     None.

32.     None.

33.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought within this paragraph are protected by the attorney-client privilege and/or work product doctrine.

34.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

35.     None.

36.     None.

37.     None.

38.     See response to request 33.

39.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

40.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

41.     Any and all documents responsive to the request for production will be made available at the offices of undersigned counsel upon reasonable notice at a mutually convenient date and time.

42.     None, at this time.

43.     Objection.  Defendants object to this paragraph of Plaintiff's First Request for Production insofar as this paragraph seeks the production of documents which are not relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this paragraph insofar as it seeks the production of documents which are proprietary and confidential.  Further, Defendants object to the production of the documents sought in this paragraph because the documents contain private financial information relative to the Defendants which information is protected by Article 1, Section 12, of the Florida Constitution.  Defendants incorporate herein as their own Plaintiff's Motion for Protective Order with respect to the discovery of Plaintiff's tax returns.

44.     Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending

litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

45.    Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the documents sought in this paragraph are not relevant to the subject matter of the pending litigation nor are they reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this paragraph of Plaintiff's First Request for Production insofar as the request is not reasonable in scope.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was e-mailed and mailed this _16_ day of August, 2012 to Brian H. Pollock, Esq., FairLaw Firm, 9100 S. Dadeland Blvd., Ste. 1010, Miami, Florida 33156.

Respectfully submitted,

**HERMELEE & GEFFIN, LLC**
101 Northeast 3rd Ave, Ste. 1110
Ft. Lauderdale 33301
Office: 954-764-4445
Fax: 954-764-4989

By:
ALAN G. GEFFIN
Florida Bar No. 780006

# EXHIBIT

# "D"

From: Brian Pollock <brian@fairlawattorney.com>
Subject: Lora Perez v. Aircom and Darcy
Date: August 22, 2012 1:38:32 PM EDT
To: "Alan G. Geffin" <ageffin@hermeleegeffin.com>



Alan,

I hope you got your filing out in your other case last week. I was
following up on the docs your client is making available. Any idea how
many docs are available and whether I can send someone over to
retrieve and copy them tomorrow?

Thanks,

Brian H. Pollock, Esq.
FairLaw Firm
9100 S. Dadeland Blvd.
Ste. 1010
Miami, FL 33156
Dir: 305.230.4822
Ofc: 305.230.4884
Fax: 305.230.4844
brian@fairlawattorney.com

From: "Dorothy Pitcher" <dorothy@hermeleegeffin.com>
Subject: RE: Darcy, Dinah advs. Maria Lora Lopez:
Date: August 16, 2012 4:12:07 PM EDT
To: "Brian Pollock" <brian@fairlawattorney.com>
Cc: "Alan Geffin" <ageffin@hermeleegeffin.com>

Mr. Pollock:

We are trying to get a filing done right now, and will get back to you.
Thank you for your patience.

-----Original Message-----
From: Brian Pollock [mailto:brian@fairlawattorney.com]
Sent: Thursday, August 16, 2012 4:09 PM
To: Dorothy Pitcher
Subject: Re: Darcy, Dinah advs. Maria Lora Lopez:

Alan,

I can send a copy service on Tuesday, if that's okay. How many docs
are we talking about?

Brian H. Pollock, Esq.
FairLaw Firm
9100 S. Dadeland Blvd.
Ste. 1010
Miami, FL 33156
Dir: 305.230.4822
Ofc: 305.230.4884
Fax: 305.230.4844
brian@fairlawattorney.com

On Aug 16, 2012, at 2:06 PM, Dorothy Pitcher
<dorothy@hermeleegeffin.com> wrote:

> Brian,
>
> As indicated in our response, the documents will be made available to
> you at a mutually convenient date and time. Do you have a particular
> date in mind next week?
>
> Alan
>
> -----Original Message-----
> From: Brian Pollock [mailto:brian@fairlawattorney.com]
> Sent: Thursday, August 16, 2012 3:07 PM
> To: Dorothy Pitcher; Alan Geffin
> Subject: Re: Darcy, Dinah advs. Maria Lora Lopez
>
> Please advise when next week I can send a copy service to retrieve and
> copy the responsive documents, as I'd like to review them before
> mediation.
>
> Please also advise of the approximate number/volume of responsive
> documents.
>
> Thanks in advance
>
> Brian H. Pollock, Esq.
> FairLaw Firm
> 9100 S. Dadeland Blvd.
> Ste. 1010
> Miami, FL 33156
> Dir: 305.230.4822
> Ofc: 305.230.4884
> Fax: 305.230.4844
> brian@fairlawattorney.com
>
> On Aug 16, 2012, at 1:02 PM, Dorothy Pitcher
> <dorothy@hermeleegeffin.com> wrote:
>
> | The attached are for your file and are also being mailed. Thank you

Dorothy Pitcher

Legal Assistant

Hermelee & Geffin, LLC

Fort Lauderdale Office

Tower 101

101 NE 3rd Avenue

Suite 1110

Fort Lauderdale, Florida 33301

Phone: 954-764-4445

Fax: 954-764-4999

Miami Beach Office

City National Bank Building

300 71st Street

Suite 405

Miami Beach, FL 33141

Phone: 305-866-7551

Fax: 305-866-7063

...............................................................

This message and any attachments may contain confidential or privileged
information and are only for the use of the intended recipient of this
message. If you are not the intended recipient, please notify the sender
by return email, and delete or destroy this and all copies of this
message and all attachments. Any unauthorized disclosure, use,
distribution, or reproduction of this message or any attachments is
prohibited and may be unlawful.

"Tax advice disclosure: to ensure compliance with requirements imposed
by the IRS under Circular 230. We inform you that the any u s federal
tax advice contained in this communication (including any attachments)
Unless otherwise specifically stated, was not intended or written to be
used, and cannot be used, for the purpose of (1) avoiding penalties
under the internal revenue code or (2) promoting, marketing or
recommending to another party any matters addressed herein."

...............................................................

<Responses to First Request for Production.pdf>
<Objections to First Set of Interrogatories.pdf>
<Response to Requests for Admissions.pdf>
<Notice of Serving Responses to First Request for Production.pdf>
<Notice of Serving Responses and Objections to Discovery.pdf>