UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-60322-Williams/Seltzer

MARIA LORA PEREZ, and all other similarly situated,

    Plaintiff(s).

v.

AIRCOM MANAGEMENT CORP., INC. and
DINAH A. DARCY,

    Defendants.
_____/

## DEFENDANT, AIRCOM MANAGEMENT CORP., INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO HER INTERROGATORIES AND MOTION TO OVERRULE DEFENDANT'S OBJECTIONS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, Defendant, Aircom Management Corp., Inc. ("Aircom"), hereby responds to Plaintiff's Motion to Compel Answers to Her Interrogatories and Motion to Overrule Defendant's Objections and states:

### Introduction

1.    On or about July 6, 2012, Plaintiff served her interrogatories upon Aircom. Thereafter, pursuant to an agreed extension of time, Aircom served its response to such interrogatories on or about August 16, 2012. Such response objects to the interrogatories because, when considering their subparts, the interrogatories total more than 25.

2.    A review of the interrogatories reveals that interrogatories 3, 11, 12, 16, 17, 18 and 20 include discrete subparts that must be counted separately. As revealed below, such interrogatories interpose -- at least -- nineteen discrete questions. When those nineteen questions are added to the remaining thirteen interrogatories, one concludes that Plaintiff has asked -- at least -- thirty two

separate interrogatories.

## Argument

3.  Aircom agrees that Court's use the "related question" test to determine if an interrogatory's subparts must be considered discrete and counted separately. When this test is applied to interrogatories 3, 11, 12, 16, 17, 18 and 20, it is clear that Plaintiff has violated Rule 33 by propounding more than 25 interrogatories without obtaining this Court's approval or a stipulation from Aircom.

### Interrogatory 3

4.  Interrogatory 3 asks:

    > Please state when Plaintiff began working for Defendant, either as an employee or an independent contractor, her position titles, rates of pay, method of payment, tasks performed and where she were [sic] performed for the Defendants. Specify the nature of employment agreement as to the payment of wages/remuneration, the rate of pay for hours worked under 40 hours per week; the rate of pay for hours worked over 40 hours per week; any deductions taken from Plaintiff's wages (i.e., for purchasing uniforms) and the date each deduction was taken; the date(s) of any increase/decrease in Plaintiff's rate of pay, and the reason for the change, effective date(s) of each change, and describe each such change.

5.  Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to payments made from Aircom to Plaintiff. However, a review of the interrogatory reveals that it asks questions that are not logically or factually subsumed by the primary question regarding payments made by Aircom to Plaintiff. For example, the following questions are not subsumed by that primary question: a. what tasks Plaintiff performed; b. where such tasks were performed; c. all position titles held by Plaintiff and d. when Plaintiff began working for Aircom. The foregoing questions are related to the work Plaintiff performed for Aircom as opposed to payments made from Aircom to Plaintiff. Therefore, interrogatory 3 asks a total of -- at least -- 5 separate questions.

## Interrogatory 11

6. Interrogatory 11 asks:

> For each week that Plaintiff worked for Defendants, please state the following:
> a) the hourly rate that Defendant agreed to pay to the Plaintiff;
> b) whether Defendant paid Plaintiff the hourly rate identified in 11)a. through the use of the "tip credit" as set forth in 29 U.S.C. § 203(m) and, if so, please also state the amount of the tip credit taken in each workweek; and
> c) state the amount of the reduced cash wage Defendants paid to Plaintiff each week.

7. Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to weekly pay rate and deduction information. It is noteworthy that Plaintiff, herself, acknowledges that this interrogatory is directed at two issues: weekly pay rate and deductions. In fact, this interrogatory interposes three distinct questions: one question regarding the agreed upon hourly rate of pay, a second question regarding the use of a "tip credit" and a third question regarding the reduced cash wage paid to Plaintiff each week. If the primary question regarding this interrogatory has to do with the agreed upon hourly rate of pay, then questions regarding the use of a "tip credit" and a reduced cash wage are not subsumed thereby. Therefore, interrogatory 11 asks a total of -- at least -- 3 separate questions.

## Interrogatory 12

8. Interrogatory 12 asks:

> Describe all policies for creating and maintaining accurate time records of all hours worked by Defendants' employees. If you did not create and maintain accurate time records for all hours worked by Defendants' drivers, who did and how was pay determined for each pay period for all of Defendants' current and former employees for the past three years.

9. Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to a

description of Defendant's time keeping policies. While the first question contained within the interrogatory supports Plaintiff's characterization, the remainder of the interrogatory reveals that Plaintiff is asking questions that are not related to a policy and, instead, relate to Aircom's practices in the event that it did not create and maintain accurate time records. If the interrogatory asked questions regarding Aricom's policies and their implementation, then such interrogatory would satisfy the subject test. However, by asking about Aircom's time keeping policies and then asking questions regarding Aircom's practices if it did not create or maintain accurate time records, Plaitniff has interposed separate and distinct questions. Based upon the foregoing, interrogatory 12 asks a total of -- at least -- 2 separate questions.

### Interrogatory 16

10. Interrogatory 16 asks:

> Please identify all administrative regulations, orders, rulings, and interpretations, administrative practices, and enforcement policies of the United States agencies on which you relied to not pay minimum wages, overtime to Plaintiff, including the date you received, printed, and/or first consulted each, and on which you relied to pay Plaintiff as an independent contractor and not as an employee.

11. Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to the identity of regulations and laws consulted in determining whether to pay Plaintiff overtime wages. However, even a cursory review of the interrogatory reveals that it asks questions regarding regulations and laws relied upon relied upon to not pay minimum wage, to not pay overtime and to classify Plaintiff as a independent contractor. These are three separate and distinct issues. The laws and regulations relied upon in connection with the minimum wage and independent contractor issues are not necessarily related to the laws and regulations relied upon in connection with overtime wages. Consequently, interrogatory 16 asks a total of -- at least -- 3 separate questions.

### Interrogatory 17

12. Interrogatory 17 asks:

> Please state the amount which you believe is owed to Plaintiff, the method/means by which you calculated the amount owed, and explain all reasons why you did not pay Plaintiff on a bi-weekly basis at least a minimum wage, and for all overtime worked and all overtime pay/wages earned during each pay period.

13. Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to information regarding the amount Aircom believes is owed to Plaintiff. However, this characterization solely focuses on a portion of the interrogatory. While the interrogatory does ask Aircom to state what it believes is owed to Plaintiff and the method used to calculate such amount, it then goes on to ask Aircom to state all reasons that it did not pay a minimum wage and overtime pay to Plainttiff. Questions regarding what Aircom believes it owes and how such amount was calculated is not related to the reasons that a minimum wage and overtime pay were not paid to Plaitniff. Consequently, interrogatory 17 asks a total of -- at least -- 2 separate questions.

### Interrogatory 18

14. Interrogatory 18 asks:

> Please state your gross annual revenues for calendar year 2011 and for the first quarter of 2010 and identify the person(s) whom you used to prepare your state and federal tax returns by name, address, and the name of his/her accounting firm and/or tax preparation firm.

15. Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to information regarding Aircom's gross annual revenue. Again, Plaintiff employs a far too myopic view of the interrogatory. While the first portion of the interrogatory does revolve around Aircom's gross annual revenue, the second portion deal with the person who prepared Aircom's tax returns. The identify of the person who prepared Aircom's tax returns is not related to Aircom's gross annual

revenue. Consequently, interrogatory 18 asks a total of -- at least -- 2 separate questions.

### Interrogatory 20

16. Interrogatory 20 asks:

> Please state the name, address, telephone number, your customer number, and your contact person for each supplier of food, produce, beer, wine, beverages, automotive goods, paper goods, cleaning supplies, cash registers, computers, gasoline pumps, signage, tobacco products, batteries, oil, gasoline, diesel fuel, and all items sold by Defendants at their place of business.

17. Plaintiff, in its Motion/Memorandum, suggests that this interrogatory is solely related to information regarding Aircom's suppliers. However, as revealed by the interrogatory, Plaintiff actually seeks information regarding different things. For example, Plaintiff asks Aircom to identify each supplier for times sold by Aircom (food, produce, beer, wine, beverages, automotive goods, paper goods, cleaning supplies, tobacco products, batteries, oil, gasoline, and diesel fuel) and for items that are simply used by Aircom in the course of its business (cash registers, computers, gasoline pumps, and signage). As revealed by the foregoing, Plaintiff is requesting that Aircom provide information regarding different types of suppliers and, therefore, interrogatory 20 asks a total of -- at least -- 2 separate questions.

### Other Objections

18. Plaintiff maintains that Aircom has waived any other objections it may have to the subject interrogatories by virtue of not specifically objecting to each of Plaintiff's interrogatories. However, a court is not to compel responses to interrogatories that exceed the permitted number. *Kimbrough v. City of Cocoa*, 2006 WL 1540256 (M.D. Fla. 2006).

19. This is precisely what Plaintiff is asking this Court to do. As explained above, Plaintiff has propounded interrogatories in excess of the permitted number. Despite Plaintiff's failure to adhere to

the subject limitations, Plaintiff maintains that Aircom was obligated to interpose all possible objections. In effect, Plaintiff is asking this Court to rule that Aircom was compelled to interpose objections to interrogatories that did not comply with the Federal Rules of Civil Procedure. However, as explained by the Middle District in *Kimbrough*, a party is not compelled to respond to interrogatories that do not comply with the Rules of Procedure.

### Plaintiff is not entitled to Rule 37 Sanctions

20. Plaintiff is not entitled to Rule 37 sanctions because Plaintiff failed to comply with Rule 7.1 of the Local Rules of Florida. *Marler v U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 (S.D. Fla. 2011). Rule 7.1 imposes an obligation on a moving party to engage in a good faith pre-filing conference to resolve the issues that are the subject of a motion.

21. In the present case, Plaintiff maintains that it complied with Rule 7.1 by promptly e-mailing Aircom's counsel in order to obtain answers to the interrogatories. In fact, Plaintiff's counsel transmitted a two sentence e-mail providing:

> Please advise whether you will be serving answers to the any interrogatories today If not, I'll proceed accordingly. Please consider this as my attempt to confer on this issue

22. However, this Court has held that "[i]n order to 'confer,' a movant must have a give-and-take exchange with opposing counsel" to satisfy Rule 7.1. *Id.* at 1. This Court went on to explain that "[s]ending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. Instead, it is a one-way missive."

23. Plaintiff's counsel's two sentence e-mail is nothing more than a one-way missive. Plaintiff's counsel did not engage in a substantive discussion regarding the motion before filing it with this Court and, therefore, Plaintiff is not entitled to Rule 37 Sanctions.

24.     Additionally, Rule 7.1 "provides that failure to comply 'may be cause' to 'grant or deny the motion and impose on counsel an appropriate sanction…" *Kimbrough*, at 1. Therefore, Aircom requests that this Court deny Plaintiff's Motion for Plaintiff's failure to Comply with Rule 7.1 and impose appropriate sanctions against Plaintiff's counsel.

BASED UPON THE FOREGOING, Defendant, Aircom Management Corp., Inc., respectfully requests that this Court enter an order denying Plaintiff's Motion to Compel Answers to Her Interrogatories and Motion To Overrule Defendant's Objections.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed through the CM/ECF filing system this 17th day of September, 2012 and e-mailed to Brian H. Pollock, Esq., FairLaw Firm, 9100 S. Dadeland Blvd., Ste. 1010, Miami, Florida 33156.

Respectfully submitted,

**HERMELEE & GEFFIN, LLC**
101 Northeast 3rd Ave, Ste. 1110
Ft. Lauderdale 33301
Office: 954-764-4445
Fax: 954-764-4989

By: /s/ _____ for
ALAN G. GEFFIN
Florida Bar No. 780006