UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60322-KMW

MARIA LORA PEREZ,

    Plaintiff(s),

vs.

AIRCOM MANAGEMENT CORP., INC., and
DINAH A. DARCY,

    Defendants.
_____/

# REPLY SUPPORTING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO HER INTERROGATORIES AND MOTION TO OVERRULE DEFENDANT'S OBJECTIONS

Plaintiff, Maria Lora Perez, files her Reply Supporting her Motion to Compel Answers to Her Interrogatories and Motion to Overrule Defendant's Objections [DE 49] and in opposition to Defendant's Response [DE 56] as follows:

Plaintiff only employed Interrogatories to obtain discoverable information from Defendant, Aircom Management Corp., Inc., in the most economical fashion. Defendant did not contend that the information sought would be privileged or that it would face a significant burden in having to respond to Plaintiff's Interrogatories. Rather, Defendant responded with a single objection and took the position that it does not have to participate in discovery because of it decided that Plaintiff served more than 25 interrogatories.[1] [DE 56.] Defendant could just have easily provided the discoverable information requested, but it did not. Instead, Defendant used its

---

[1] In an abundance of caution, Plaintiff requests *nunc pro tunc* leave to propound in excess of 25 Interrogatories for the sake of judicial economy.

1

Response [DE 56] to further demonstrate the lengths to which it would unnecessarily prolong these proceedings by unreasonably refusing to provide discoverable information to Plaintiff.

Defendant provided nothing new, novel, or complex in its Response. [DE 56.] To date, Plaintiff has not received initial disclosures from either Defendant, any documents from either of the Defendants, nor this Defendant's Corporate Disclosure Statement. In sum, Defendants refuse to provide Plaintiff with any discovery. Plaintiff's Interrogatories could not have overly burdened a Defendant who, to date, has provided no discoverable information. Consequently, its objection(s) should be overruled. *Gutescu v. Carey Intern., Inc.*, 2003 WL 25589036 (S.D. Fla. 2003).

There is no basis for Defendant to have stonewalled Plaintiff by refusing to specirically responding to Plaintiff's Interrogatories. The proper course for Defendant to have taken would have been to respond to each Interrogatories and, once it reached 25, to then specifically object to each subsequent interrogatory with its "over 25" objection. *See Hatfield v. A+Nursetemps, Inc.*, 2012 WL 1326120 (M.D. Fla. 2012); and *Rinker v. Carnival Corp.*, 2011 WL 4625389 (S.D. Fla. 2011). But rather than provide specific responses to whatever Defendant contended were the first 25 Interrogatories, Defendant responded to nothing.

Defendant argued that its conduct was not sanctionable and that the meet and confer email was not enough.[2] However, Defendant missed the mark. Defendant did not say that had

---

[2] This Court already granted relief to Defendant [DE 36] without Defendant having *even attempted to confer* in response to Defendants' Motion For Court to Designate Mediator [DE 35] (which did not even contain a Rule 7.1 Certification) and after Defendant failed to inform the Court that Plaintiff had proposed a mediator on July 6, 2012 and that Defendant did not respond to the proposal or suggest any mediator in response. Instead, Defendant asked the Court to select a mediator less than week later. [DE 49-1 at 2.] Not surprisingly, mediation resulted in an *impasse*.

2

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

there been a discussion, it would have provided any interrogatory answers or that it would have proposed anything as a compromise.

## CONCLUSION

Defendant's refusal to participate in discovery in good faith is clear from the record and, as such, Plaintiff should entitled to relief commensurate with Defendant's obstructionist discovery tactics. Plaintiff requests the Court to award her the relief requested in her Motion to Compel. [DE 49.]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 19th day of September, 2012, which will effect service on Alan G. Geffin, Esq., *counsel for Defendants*, Hermelee & Geffin, LLC, 101 N.E. 3rd Ave., No. 1110, Ft. Lauderdale, FL 33301 ageffin@hermeleegeffin.com.

FAIRLAW FIRM
*Attorney for Plaintiff*
9130 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

3

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com