UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60322-CIV-WILLIAMS/SELTZER

MARIA LORA PEREZ,

    Plaintiff,

vs.

AIRCOM MANAGEMENT CORP.,INC.
and DINAH A. DARCY,

    Defendants.
_____/

ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Answers to Her Interrogatories and Motion to Overrule Defendant's Objections (DE 49), Defendant Aircom Management Corp., Inc.'s Response (DE 56), and Plaintiff's Reply thereto (DE 58) and the Court being sufficiently advised, it is hereby ORDERED that Plaintiff's Motion to Compel Answers to Her Interrogatories is GRANTED and Plaintiff's Motion to Overrule Defendant's Objections is GRANTED to the extent that Defendant's objection as to the alleged excessive number of interrogatories is OVERRULED and DENIED in all other respects.

Plaintiff served 20 interrogatories on Defendant Aircom Management Corp. Inc. Defendant objected to the interrogatories on the ground that they exceeded more than the number permitted by Federal Rule of Civil Procedure 33(a); relying on this objection, Defendant did not answer any of the interrogatories. Plaintiff now moves the Court to compel Defendant to answer the interrogatories.

Federal Rule of Civil Procedure 33(a)(1) permits a party to serve on any other party

25 interrogatories (without leave of court), "including all discrete subparts."  The Rule, however, does not define "discrete subparts."  "Resolving questions of whether a subpart to an interrogatory is 'discrete' under Rule 33 such that it should be counted separately can be a difficult task and 'courts considering this question have applied various tests.'"[1] Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting Williams v. Taser Int'l, Inc., No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).  "District courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied 'the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question."'"  The Mitchell Company, Inc. v. Campus, No. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala.

---

[1] As one district court has observed:

> Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal.1998); see also Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal.2006).  Subparts relating to a "common theme" should generally be considered a single interrogatory. Safeco, 181 F.R.D. at 444 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed.1994)).  But "if the first question can be answered fully and completely without answering the second question" then the questions are distinct. Estate of Manship v. U.S., 232 F.R.D. 552, 555 (M.D. La. 2005) (quoting Krawczyk v. City of Dallas, 2004 WL 614842 (N.D. Tex.2004)).

Paananen v. Cellco Partnership, No. CO8-1042 RSM, 2009 WL 3327227, at *2 (W.D. Wash. Oct. 8, 2009) (taking "'pragmatic approach,' looking to see if an interrogatory threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate").

June 16, 2008) (quoting Forum Architects, LLC v. Candella, No. 1:07CV190-SPM/AK, 2008 WL 217119, at *1 (N.D. Fla. Jan. 23, 2008)); see also Powell v. The Home Depot USA, Inc., No. 07-80435-Civ, 2008 WL 2473748, at *2 (S.D. Fla. June 16, 2008) (Hopkins, M.J.) ("Courts within the jurisdiction of the Eleventh Circuit have recently followed what is known as the 'related question test' to determine whether a subpart in an interrogatory should be considered discrete."). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." Oliver, 2007 WL 3232227, at *2. By way of example, the following types of interrogatories have been deemed to be not discrete and, hence, constitute one interrogatory: (1) questions about persons with knowledge and the subject area of their knowledge; (2) questions about prior lawsuits, the nature of the cause of action, the parties, the court in which the lawsuit was filed, and the dates filed; (3) questions about witness statements, by and to whom made, when made, and the substance and context of the statements; (4) questions about persons with documentary evidence in their possession, custody, and control, what documents they have, the location of the documents, and when the documents were prepared; (5) questions about expert witnesses, their addresses, qualifications, subject matter of their testimony, and grounds for their opinions; (6) questions about damages, when the damages occurred, to whom expenses were paid; and (6) questions about lost income, benefits, or earning capacity, the nature of each loss, and how the loss was computed. See Powell, 2008 WL 2473748, at *2; Forum Architects, 2008 WL 217119, at *1-3; see also Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each

3

such communication.").[2]

Defendant contends that Interrogatory Nos. 3, 11, 12, 16, 17, 18, and 20 include discrete subparts that should be counted separately. According to Defendant, these interrogatories "interpose – at least – 19 discrete questions" and when added to the remaining interrogatories, the number exceeds 25. The Court has examined each of these interrogatories and finds that with the exception of Interrogatory No. 3, the subparts are logically related to the information sought in the primary question; hence, each should be counted as a single interrogatory. Accordingly, excluding Interrogatory No. 3, Plaintiff has propounded 19 Interrogatories. Plaintiff's interrogatories, therefore, do not exceed the 25 permitted by Rule 33(a), unless Interrogatory No. 3 contains more than 6 discrete subparts.

Interrogatory No. 3 provides:

> Please state when Plaintiff began working for Defendant, either as an employee or an independent contractor, her position, titles, rates of pay, method of payment, tasks performed and where she were [sic] performed for the Defendants. Specify the nature of the employment agreement as to the payment of wages to Plaintiff, including the amount and total payment of wages/remuneration, the rate of pay for hours worked under 40 hours per week; the rate of pay for hours worked over 40 hours per week; and deductions taken from Plaintiff's wages (i.e. for purchasing uniforms) and the date each deduction was taken; the date(s) of any increase/decrease in Plaintiff's rate of pay and the reason for the change, effective dates(s) of each change, and describe such change.

The Court agrees with Defendant that Interrogatory No. 3 contains discrete subparts and, therefore, should be deemed more than one interrogatory. The Court, however does

---

[2] See also Appendix B to Local Rules. Local Rule 26.1(g)(1) provides that "[i]nterrogatories propounded in the form set forth in Appendix B to these Local Rules shall be deemed to comply with the numerical limitations of Federal Rule of Civil Procedure 33(a)."

4

not find that the Interrogatory encompasses more than 6 such subparts. At most, Interrogatory No. 3 contains four discrete subparts: (1) the nature of Plaintiff's employment, such as where and when her employment began, her title, and the tasks she performed; (2) the payment of Plaintiffs wages; (3) deductions taken from Plaintiff's wages and the date(s) of such deductions; and (4) increases/decreases in Plaintiff's pay. Plaintiff's interrogatories, therefore, do not exceed 25 – the number permitted without leave of court. Moreover, even were the Court to find that the interrogatories do exceed 25, the Court would grant Plaintiff leave to propound the interrogatories. Accordingly, within fourteen (14) days from the date of this Order, Defendant's shall answer Plaintiff's interrogatories. The Court, however, declines to find under these circumstances that Defendant has waived all objections thereto.

Plaintiff's request for sanctions is DENIED. Although the Court did not sustain Defendant's objection as to the excessive number of interrogatories, the Court finds that Defendant's position was substantially justified.

DONE AND ORDERED in Fort Lauderdale, Florida, this 24th day of September 2012.

/s/ Barry Seltzer
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record