UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60322-CIV-WILLIAMS/SELTZER

MARIA LORA PEREZ,
and all others similarly situated,

    Plaintiff,

vs.

AIRCOM MANAGEMENT CORP, INC.
and DINAH A. DARCY,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO DETERMINE RESPONSES INSUFFICIENT AND FOR SANCTIONS

THIS CAUSE is before the Court on Plaintiff's Motion to Determine Sufficiency of Defendant's Responses and Objections to Plaintiff's Requests for Admissions (DE 46) and Defendant's Response (DE 51). Plaintiff has not filed a Reply and the time for doing so has passed. The Court being sufficiently advised, it is hereby ORDERED that Plaintiff's Motion is GRANTED in part and DENIED in part for the reasons set forth below.

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") against her former employers, alleging that they failed to pay her a minimum wage for all time worked and they failed to pay her for overtime hours. She now moves the Court to determine the sufficiency of Defendant Aircom Management Corp., Inc.'s responses and objections to her Requests for Admission.

Federal Rule of Civil Procedure 36 governs requests for admission; the Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that

will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994)); see also Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("An important purpose of the rule is to reduce the cost of litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts.") (internal citations omitted). Rule 36(a) permits a party to serve on another party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36(a) also affords the responding party limited options for answering a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). A responding party may also object to a request for admission, but not "solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). A matter admitted under Rule 36 is deemed "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

2

Additionally, Rule 36 expressly permits the requesting party to move a court to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(a)(6). If the court finds that an answer does not comply with the Rule, it "may order either that the matter is admitted or that an amended answer be served." Id. Where the court finds that an objection is not justified, it "must order that an answer be served." Id.

The Court will now address the specific Requests for Admission at issue – Request Nos. 1-4, 5-10(a), 13 and 14, and 17 and 18.

Plaintiff's Requests for Admission Nos. 1-4 ask Defendant to admit that the Fair Labor Standards Act and the Florida Minimum Wage Act apply to its business and to Plaintiff's work at the time she was employed by the Defendant. For each of these Requests, Defendant responded that it could neither admit nor deny the Request because it seeks a legal conclusion. Although Rule 36(a) authorizes a party to serve a request for admission relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law.[1] See Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth., 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion. . . . For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts.") (internal

---

[1] Plaintiff has failed to address Defendant's contention that these Requests seek admissions as to a legal conclusion. She merely argues that "Defendant did not . . . conduct a reasonable inquiry and failed to admit or to deny the request[s] as phrased." Motion at 4 (DE 46).

3

citations omitted); Hanley v. Como Inn, Inc., No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion."); Tulip Computers Int'l, B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36."); 8B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 2255 (3rd ed. 2008) ("As the Committee Note indicates, even the amended rule does not allow a request for admission of a pure legal conclusion.").

Admittedly, "the distinction between a request that impermissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw." David v. Katz, No. CIV.A.94-3989, 2000 WL 1682999, at *2 (E.D. La. Sept. 26, 2000). This Court, however, finds that Request Nos. 1-4 improperly seek admissions of pure legal conclusions. See English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (requests seeking admissions that the defendant was subject to certain statues sought improper legal conclusions); see also Disability Rights Council, 234 F.R.D. at 3 (requests seeking admission that no provision of the ADA, Rehabilitation Act, or the Federal Transit Administration regulations were applicable to the plaintiff's claims improperly sought legal conclusion); Reichenbach v. City of Columbus, No. 2:03-CV-1132, 2006 WL 143552 at *2 (S.D. Ohio Jan. 19, 2006) (the defendants properly objected to a request asking them to admit that the curb ramp at issue was not in compliance with ADA accessability design standards on the ground that the request sought a pure legal conclusion); Hanley v. Como Inn, Inc., 2003 WL 1989607, at *3 (request asking party to admit to an ERISA provision improperly sought a legal conclusion). Accordingly, this Court will not require Defendant

to answer Request for Admission Nos. 1-4.

Plaintiff's Request for Admission Nos. 5-10(a) relate to whether Defendant used "goods," "materials," "products" or "items of any kind" that "originated from states or countries outside of Florida" and whether its employees handled such "goods," "materials," products," or "items of any kind" during the years 2011 and 2012. Defendant responded that it could neither admit nor deny these Requests because it does not know what Plaintiff means by "used," "goods," and "materials." Defendant's responses, however, are spurious. The term "goods" is expressly defined in § 203 of the FLSA. See also 29 C.F.R. § 776.20 and 29 C.F.R. 779.14 (discussing the meaning of "goods"). Moreover, the terms "used" and "material" are common in the English language. Although Plaintiff requests that the Court deem Defendant's improper responses admitted, "[t]he sanction of deeming a response an admission . . . is a severe one. Rather, the courts generally order an amended answer. . . ." Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 687 (M.D. Fla. 2005). Accordingly, the Court will require Defendant to answer Request for Admission Nos. 5-10(a).

Request for Admission Nos. 13 and 14 ask Defendant to admit that it "indirectly purchased 'goods' or 'materials,' products or items of any kind from vendors outside the state of Florida" in the year 2011 and from January 1, 2012, through May 1, 2012. Defendant objected to these Requests, stating that it could neither admit nor deny them because they are "incomprehensible." Defendant's objections are well-taken; Plaintiff has failed to define or explain what she means by "indirectly purchased." Accordingly, the Court will not require Defendant to answer Request for Admission Nos. 13 and 14.

Request for Admission Nos. 17 and 18 asks Defendant to admit that its annual gross revenues in the year 2011 exceeded $500,000 and that its gross revenues for the first quarter of the year 2012 exceeded $150,000. Defendant objects to these Requests on the ground that they do not seek information that is either relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that its financial information is protected by Article I, section 23,[2] of the Florida Constitution, which provides a right of privacy. Defendant, however, has not cited any authority holding that Florida's constitutional right to privacy provision applies to a corporation. Indeed, the pertinent constitutional provision itself states that "[e]very natural person has the right to be let alone and free from governmental intrusion[3] into the person's private life . . . ." Fla. Const. art. 1, § 23 (emphasis and footnote added). See also Florida Ass'n of Prof'l Lobbyists, Inc. v. Div. of Legislative Information Servs., No. 4:06cv123-SPM/WCS, 2006 WL 3826985, at *4 (N.D. Fla. Dec. 18, 2006) ("Lobbying firms have no right to privacy under the Florida Constitution because the right to privacy 'is a personal one, inuring solely to individuals.'") (quoting Alterra Healthcare Corp. v. Estate of Francis Shelley, 827 So. 2d 936, 941 (Fla. 2002)). Assuming *arguendo* that a corporation has a right to financial privacy under Florida's constitution, that right "is not absolute." See Ochoa v. Empresas ICA, S.A.B. de C.V., No. 11-23898-CIV, 2012 WL 3260324, at *6 (S.D. Fla. 2012)

---

[2] Defendant cites to § 12, which addresses searches and seizures. The Court assumes this to be a typographical error and believes that Defendant's argument is actually premised on § 23.

[3] Florida courts have held that court orders compelling discovery constitute state action for purpose of constitutional privacy rights. See, e.g., Berkeley v. Eisen, 699 So. 2d 789, 790 (Fla. 4th DCA 1997).

(Simonton, M.J.) "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery . . . ." Id. (quoting Friedman v. Heart Institute of Port St. Lucie, Inc., 863 So.2d 189, 194-95 (Fla. 2003)). Here, to establish enterprise liability under the FLSA, Plaintiff must demonstrate, *inter alia*, that Defendant's "annual gross volume of sales made or business done is not less than $500,000. . . ." 29 U.S.C. §203(s).  Accordingly, these Requests are relevant and, therefore, the Court will require Defendant to answer Request for Admission Nos. 17 and 18.

In sum, it is ORDERED that within ten (10) days of the date of this Order, Defendant shall answer Plaintiff's Request for Admission Nos. 5-10(a) and Nos. 17 and 18.  Plaintiff's Motion is DENIED in all other respects.

DONE AND ORDERED in Fort Lauderdale, Florida, this 3rd day of January 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record