UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-60322-KMW

MARIA LORA PEREZ,
And all others similarly situated,

    Plaintiff(s),

vs.

AIRCOM MANAGEMENT CORP., INC., and
DINAH A. DARCY,

    Defendants.
_____/

**PLAINTIFF'S MOTION ENFORCE SETTLEMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Maria Lora Perez, through her undersigned counsel and pursuant to Local Rule 7.1, requests the Court to enter an Order enforcing the Settlement Agreement against the Defendants, Aircom Management Corp., Inc. and Dinah A. Darcy, based on the following good cause:

**INTRODUCTION**

Defendants ignored this Court's Orders [DE 59, 60] and they refuse to take the ministerial act of signing the Settlement Agreement that they proposed to Plaintiff (which Plaintiff signed and sent to defense counsel on December 18, 2012). Undersigned counsel for Plaintiff repeatedly attempted to find out when Defendants would sign the Settlement Agreement so that it could be presented to the Court for approval, but Defendants would neither provide a firm date nor provide a counter-signed Settlement Agreement. Accordingly, and in light of the procedural history of this case, Plaintiff respectfully requests the Court to determine that the

1

parties entered into a legally enforceable agreement to settle the pending FLSA claims, to determine that Defendants breached the terms and conditions of the written Settlement Agreement, and to determine that Plaintiff is entitled to a judgment for the amount set forth in the Settlement Agreement, plus all attorneys' fees and costs incurred in connection with its enforcement.

## BACKGROUND

Plaintiff worked for Defendants at their gas station in Broward County, Florida. On February 23, 2112, Plaintiff sued Defendants for violations of the Fair Labor Standards Act's (FLSA) overtime and minimum wage requirements and for violations of the Florida Minimum Wage Act, further contending that she was misclassified as an independent contractor instead of as an employee. Plaintiff claimed that Defendants violated 29 U.S.C. § 203 by failing to pay overtime wages for all hours worked over 40 hours in a given workweek and by failing to pay Plaintiff a minimum wage for all of the hours worked. *See* [D.E. 1]. Plaintiff also claimed that Defendants failed to pay her a minimum wage in violation of the Florida Minimum Wage Act.

Plaintiff attempted to resolve a portion of this case through a Minimum Wage demand letter, which she served on Defendants, but her efforts to promptly resolve this case were unsuccessful. Defendants stubbornly refused to negotiate or cooperate from the inception of this case.

Defendants, through their prior counsel, even attempted to intimidate the Plaintiff during the pendency of this lawsuit by way of a letter dated May 24, 2012. (Exhibit "A".) In that letter, the Defendants purported to threaten the Plaintiff with having violated United States law by

2

failing to accurately report her income.[1] (Exhibit "A".) Plaintiff, however, was not deterred by Defendants' tactics and continued to pursue her claim.

Plaintiffs then served discovery on the Defendants, and the Defendant asked the Court to appoint a mediator (without having first attempted to coordinate a mediator with the Plaintiff). After the Court designated Karen Evans, Esq. as their mediator, the parties scheduled mediation and Plaintiff continued to prepare this case for trial.

The parties mediated the case with Karen Evans, Esq. on August 29, 2012, but the mediation resulted in an impasse.

Afterwards, and upon Plaintiff's Motions, the Court entered several discovery Orders with which Defendants never complied:

    a.    The Court entered its **First Discovery Order** on September 24, 2012 [DE 59]. In the Order on Plaintiff's Motion to Compel [DE 59], the Court required the Defendants to Answer Plaintiff's Interrogatories within fourteen (14) days; and

    b.    The Court then entered its **Second Discovery Order** on October 25, 2012 [DE 60]. Therein, the Court required the Defendants to produce certain documents within 10 days and to also pay Plaintiff the amount of $250.00 as a discovery sanction.[2]

Defendants presumably did not comply with these discovery Orders because the parties had been negotiating a settlement. Defendants first proposed a written Settlement Agreement to the Plaintiff by way of an email from their former counsel on October 31, 2012. (Exhibit "B".) The parties negotiated over whether several terms could be changed and ultimately agreed to the

---

[1]    Defendants' threat was rather curious, considering that Defendants paid the Plaintiff
[2]    Plaintiff would point out that the discovery Orders entered on September 14, 2012 [DE 59] and on October 25, 2012 [DE 60] were entered while Defendants were represented by their former counsel and not by their current counsel, Mr. Costales.

3

form of the agreement as proposed by Defendants. The Plaintiff signed and returned that Settlement Agreement to Defendants' former counsel on November 27, 2012. (Composite Exhibit "C".)

Defendants thereafter retained new counsel instead of counter-signing and submitting the fully executed Settlement Agreement appended as Exhibit "C" to the Court.

Defendants' new counsel proposed a an almost identical written Settlement Agreement to Plaintiff by way of an email sent on December 4, 2012, with Defendants' only change being the inclusion of a paragraph that would have the effect of providing a general release of Defendants. (Exhibit "D".) Plaintiff accepted the change; she re-formatted the document and sent it to defense counsel for approval. (Exhibit "E".) Defendants had no issue with the re-formatting as, as their counsel simply asked, whether Plaintiff had signed the agreement. (Exhibit "F".) Plaintiff then signed and returned the second executed Settlement Agreement to Defendants on December 18, 2012. (Exhibit "G".)

The Settlement Agreement would fully compensate Plaintiff for her unpaid/underpaid wages, plus award her an equal amount as liquidated damages, for a total recovery by the Plaintiff of $3,000.00. In addition, the Settlement Agreement required that Defendants pay the outstanding fees due to the mediator of $375.00 and pay Plaintiff's counsel the amount of $10,000.00 as attorneys' fees and costs. While Plaintiff's recovery was not compromised in that she would receive full recovery, Plaintiff's counsel compromised his attorneys' fees and the timing of the receipt of his fees and costs to facilitate the settlement.

Defendants were required to pay the mediator within 10 days of the settlement's approval by the Court. The Settlement Agreement required Defendants to pay Plaintiff in 12 monthly payments of $250.00 per month, commencing within 10 days of the Court's approval of the

4

settlement. After Plaintiff received her money, Defendants would then pay Plaintiff's counsel his earned attorneys' fees and costs over the ensuing 12 months at $750.00 per month.

The Settlement Agreement proposed by Defendants and accepted by the Plaintiff on December 18, 2012, also provided the following procedure and penalties for Defendants' non-compliance with its terms:

> In the event Employers fail to make any of the payments required by this Agreement, Plaintiff's counsel shall send written notice to Employers and Employers' counsel. Employers shall have 5 days from the receipt of such written notice to cure any default. If Employers fail to cure such default after such 5 business day notice period, Plaintiff may apply to the Court for a judgment in the amount of $14,500.00, minus all payments made, minus all payments made, plus interest and all additional attorneys' fees and costs incurred since the execution of the settlement agreement and related to enforcement of Employers' payment obligations and/or breach of this Agreement.

(Exhibit "G".)

Plaintiff complied with its "notice" requirement by sending an email to Mr. Costales on January 7, 2012 (Exhibit "H"), which is more than five (5) business days before the filing of this Motion.

As of the date set forth below, Defendants neither signed the Settlement Agreement, provided the required discovery, nor paid the required sanctions to Plaintiff.

**ARGUMENT**

Florida state and federal courts prefer enforcing settlement agreements as a means of resolving cases. *See e.g.*, *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); and *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla.1985). The Court possesses the inherent authority to enforce a settlement agreement entered into by litigants in a pending case. *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir.1991).

5

It is Florida state law that governs the validity and enforceability of settlement agreements. *Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir.2001). Under Florida law, the parties must have agreed on all essential terms in order for a settlement agreement to exist. *Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295, 297 (Fla. 4th DCA 2003). In the case at bar, Plaintiff and Defendants agreed on the terms and conditions of the settlement, and those terms and conditions were reduced to a written Settlement Agreement. Defendants proposed two Settlement Agreements, and Plaintiff agreed to each *in seriatim*.

Now, the issue is really whether Defendants should be bound by the terms of the Settlement Agreement that they proposed to Plaintiff, which Plaintiff signed and returned to Defendants on December 18, 2012 (Exhibit "G"), and which Defendants have refused to sign.

There is no requirement that the released party sign the settlement agreement under the Fair Labor Standards Act or under the Florida Minimum Wage Act.

> Florida law is clear that a settlement can be reached through a series of email exchanges. *See Warrior Creek Development, Inc. v. Cummings*, 56 So.3d 915 (Fla. 2d DCA 2011). Federal courts within the Eleventh Circuit have likewise held that a binding settlement agreement can be reached via email. See, e.g., *Miles v. Northwestern Mutual Life Ins. Co.*, 677 F.Supp.2d 1312 (M.D.Fla.2009); *Terra–ADI Int'l Dadeland, LLC v. Zurich American Ins. Co.*, 2007 WL 2460744 (S.D.Fla. Aug. 24, 2007); *Jarvis v. City Electric Supply Co.*, 2012 WL 933057 (M.D.Fla. Mar. 5, 2012).

*In re Rolsafe Intern., LLC*, 477 B.R. 884, 902 (Bankr. M.D. Fla. 2012). While an employee's agreement to settle his or her FLSA claims with an employer must either be approved by the Court or the Department of Labor, there is no requirement that an employer sign a settlement agreement under. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

"A district court has the authority to manage its own docket and 'need not tolerate defiance of reasonable orders.'" *Rance v. Rocksolid Granit USA, Inc.*, 2012 WL 3832600 (11th Cir. 2012)

6

(citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir.2009)). In this regard, the Court also has the ability to determine that the Defendants failed to timely pay the sanctions and comply with its prior Orders. [*See* DE 59, 60.]

Defendants have dragged their feet long enough, and they have made Ms. Perez wait long enough to receive even a minimum wage – let alone her overtime wages. Defendants turned what should have been a run-of-the-mill overtime and minimum wage case into protracted litigation that involved discovery motions, discovery Orders, the imposition of (unpaid) sanctions against the Defendants, and the refusal to abide by the terms of the Settlement Agreement. This Court has the authority and discretion to address Defendants' conduct as it deems fit. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997) (District courts "enjoy broad discretion in deciding how best to manage the cases before them.")

## CONCLUSION

WHEREFORE in light of the foregoing Motion, Plaintiff Maria Lora Perez respectfully requests the Court to enter an Order determining that the parties entered into a valid settlement agreement that satisfies the conditions of *Lynn's Foods*, that Defendants breached the terms and conditions of the Settlement Agreement after being provided with proper notice, and that a judgment should not issue in the amount of $14,500.00 against the Defendants, jointly and severally, that additional fees, costs, and interest shall be taxed against the Defendants, and with the Court reserving jurisdiction to determine the amount(s) of same, as well as to enforce the Court's prior Orders – including the payment of sanctions – and to award such other and further relief as the Court deems just and proper.

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## RULE 7.1 CERTIFICATION

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that he has been unable to do so. The reasonable efforts made were specifically as follows: Plaintiff's counsel emailed Defense counsel several times to obtain the settlement agreement and to inquire about the status of the settlement agreement, but Defendants refused to provide same within the time provided for in the Settlement Agreement.

FAIRLAW FIRM

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 15th day of January, 2013, which will effect service on Gary A. Costales, Esq., gary@youremploymentattorney.com, Law Office of Gary A. Costales, P.A., 1200 Brickell Ave, Suite 1230, Miami, FL 33131.

FAIRLAW FIRM
*Attorney for Plaintiff*
9130 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com